WILLIAM B. BONNEY *vs.* SAMUEL MORRILL.

In pursuance of the express terms in a written agreement between the counsel therein, judgment in a real action by him, and also in a suit upon an injunction bond against him, was rendered for the plaintiff, and execution for costs stayed until the next term.  In the trial of a subsequent action for *mesne profits* from the time of the commencement to that of judgment in the real action, *Held,* that parol evidence is admissible on the part of the defense to show that, in order to obtain a judgment in those suits without a trial, the plaintiff's counsel authorized the defendant's counsel to say to the defendant, as an inducement to enter into the agreement, that it would be a full and final settlement of all

matters up to that time; and that at the same time the counsel further agreed that the plaintiff should lease the land to the defendant in interest for a certain time thereafterwards, at a specified rent.

If specific objections are not made to the admission of evidence, exceptions to the ruling admitting it will not be sustained.

The employment of a counsellor and attorney at law to prosecute a suit for land, of which the party alleges he has been disseized, carries with it an authority to such attorney to compromise the claim against the disseizor for *mesne profits* during the pendency of the suit, if the attorney deems it best for the interest of his client to avoid all the chances of litigation, and secure the speedy and successful termination of the principal suit in the most economical manner thereby.

On exceptions.

Trespass for the *mesne profits* of a certain piece of land described in a written agreement hereafter mentioned, from Sept. 4, 1860, to Dec. 1, 1864.

On Sept. 4, 1860, this plaintiff sued out a writ of entry against the defendant to recover possession of certain land described in the writ, which was duly entered in this court, and continued from term to term until November term, 1864.

The plaintiff had also obtained an injunction upon the defendant, and one Foss and wife, during the pendency of the real action, and had given them a bond to pay all damages sustained by reason of the injunction. The injunction had been subsequently removed, and a suit on the bond brought by the obligees against the plaintiff and his sureties, which had been duly entered and continued until the November term, 1864, when both actions were to be tried. Thereupon the parties, through their counsel, had some negotiations concerning a compromise of the actions, which finally resulted in the counsel drawing and signing and placing on file an agreement of the following tenor, omitting the detailed description of the land, to wit:

" S. J. Court, Ken. County, Nov. Term, 1864. William B. Bonney *v.* Samuel Morrill. Samuel Morrill *et als. v.* William B. Bonney *et als.*

" In the above actions it is agreed by the parties, that the defendant in the action, Bonney *v.* Morrill, shall be defaulted, and judg-

ment entered for the plaintiff for so much of the land declared for in the plaintiff's writ as lies easterly of a line" specifically described. "And said Bonney is to have judgment for his legal costs.

"And it is further agreed, that in the action, Morrill et als. v. Bonney et als., the plaintiffs shall become nonsuit, the defendants recover their legal costs, and the executions for costs in both actions shall be stayed until the next term of this court."

Judgment was rendered in those actions Dec. 1, 1864, pursuant to the agreement.

This agreement was put into the case at bar; whereupon

A. Libbey, called by the defendant, testified, substantially, that he was counsel for Bonney in the real action, and for Bonney et als. in the suit on the bond; and made and signed the agreement as their attorney. Judge May, counsel for the other parties, suggested the settlement, and made a proposition which witness talked over with his client, who was not satisfied with the proposition; that the next morning witness stated defendant's objections to May, who authorized witness to say to the defendant, as an inducement to accept the terms, that it should be a final adjustment of all matters up to that time; that witness communicated the inducement to his client as by May's authority, which he finally accepted. Thereupon a written memorandum was drawn up and signed by the counsel; that the subject of intervening rents was not spoken of in terms by either side; that witness would not have agreed to the settlement had he not supposed it was to end all controversies between these parties; that it was witness' intention that the written agreement should set forth all the terms of the settlement; and that it was further agreed, that the plaintiff should lease the land to the defendant in interest, for a certain time thereafterwards, at a specified rent, which he did accordingly.

To the admission of the foregoing evidence the plaintiff seasonably interposed a general objection, that it was parol, and, therefore, incompetent.

Seth May, called by the plaintiff, testified substantially to the

same facts as Libbey, adding that witness had no reference to the *mesne profits* when negotiating the settlement.

The presiding judge instructed the jury, *inter alia*, that this being incident to the former suit, counsel had authority to settle this subject-matter.

The verdict was for the defendant, and the plaintiff alleged exceptions.

*J. W. May*, for the plaintiff.

This court has invariably excluded parol testimony to explain, vary, enlarge, or in any way modify a written agreement, except where fraud is alleged. *Waterhouse* v. *Gibson*, 4 Maine, 230. *Small* v. *Quincy*, 4 Maine, 297. *Low* v. *Treadwell*, 12 Maine, 441. *Medomak Bank* v. *Curtis*, 24 Maine, 36. *Gilman* v. *Veazie*, 24 Maine, 202. *Palmer* v. *Fogg*, 35 Maine, 368. So in Massachusetts. *Brigham* v. *Rogers*, 17 Mass. 571. *Boyle* v. *Agawam Canal Co.*, 22 Pick. 381. *Wakefield* v. *Steadman*, 12 Pick. 362. *Curtis* v. *Wakefield*, 15 Pick. 437.

1. The rule excludes all the previous and contemporaneous *colloquia*. *Marshall* v. *Baker*, 19 Maine, 405. *McClellan* v. *Cumberland Bank*, 24 Maine, 566.

2. Libbey's testimony, " if he had not supposed it was an end of all controversies," &c., was inadmissible, and had great weight with the jury.

3. The attorneys had no express authority to settle any claim for *mesne profits*. No general authority can be inferred. Claim for *mesne profits* accruing subsequent to date of the real action cannot be coupled to it. His only remedy is by a subsequent action. The rents and profits incident to the real action are those only which are recoverable by it. In Massachusetts, the incident rents and profits recoverable in a writ of entry include all accruing to the time of the judgment. In Maine, they are limited to the date of the writ. No subsequent suits for rents and profits are incident to the writ of entry. *Raymond* v. *Andrews*, 6 Cush. 265. *Curtis* v. *Francis*, 9 Cush. 427.

*J. Baker*, for the defendant.

BARROWS, J.   At the November term, 1864, in this county, the plaintiff had judgment against the defendant for a strip of land, upon a writ of entry dated September 4, 1860, to which defendant had pleaded the general issue.

That judgment was rendered in pursuance of a written agreement, filed in the case, and offered in evidence here, providing for a disposition of the real action, and of a suit upon an injunction bond brought by the defendant against the plaintiff.   By the terms of this agreement judgment was to be rendered in favor of this plaintiff in both suits, but the executions for costs were to be stayed until the next term of court.   This action is brought to recover the *mesne profits* of the same land during the pendency of the aforesaid writ of entry.   The defendant offered parol evidence to prove that the claim for *mesne profits* was embraced in the settlement of the above-mentioned suits.   The presiding judge admitted it subject to the plaintiff's objection, and upon the strength of it the jury found a verdict for the defendant.

Was this evidence admissible?

The testimony of both the counsel in the former suits, by whom the written agreement above referred to was made and signed, tends to show, that at the November term, 1864, in order to bring about a rendition of judgment in his client's favor in those suits without the trouble and expense of a trial then imminent, the plaintiff's counsel authorized the counsel for the defendant to say to him, as an inducement to enter into the agreement for the disposition of the suits, that it would be a full and final settlement of all matters up to that time ; and that it was further agreed between them, that the plaintiff should lease the land to the defendant, in interest for a certain time thereafterwards at a specified rent, which he accordingly did.

If it could be maintained that the object and effect of this evidence must be to contradict, vary, or in any manner to control the legal import of the written agreement between the parties, its admission could not be sanctioned.   But on a careful examination it will be seen, that there is nothing inconsistent with the written

stipulations of the parties, and that the parol evidence is offered to establish a distinct collateral agreement between the same parties, which was not required to be in writing, and which, in fact, constituted in part the consideration of the written agreement. The authorities are abundant, that proof of such an agreement, not inconsistent with the terms of the writing, may be made by parol evidence. *Jeffrey* v. *Walton*, 1 Starkie, R. 213. *Preble* v. *Baldwin*, 6 Cush. 557. *Nickerson* v. *Saunders*, 36 Maine, 413. *Hersey* v. *Verrill*, 39 Maine, 271. *Goodspeed* v. *Fuller*, 46 Maine, 144. Starkie on Evidence, Part IV. vol. 3, p. 1049.

The specific agreement as to the mode and time of entering up judgment in the previous suits between these parties did not necessarily embrace all the stipulations made by them as to their settlement. That agreement has been allowed to have its legitimate effect. Under it the plaintiff had judgment for the land which he claimed, and the case finds that the demanded premises were surrendered to him upon the recovery of that judgment.

There is no rule of evidence which precludes the defendant from asserting and proving, by oral testimony, any distinct and valid parol contract of the plaintiff, made at the same time and not reduced to writing, which is not in conflict with the provisions of the written agreement, and which undoubtedly operated as an inducement to the defendant to enter into it.

The case seems to be fairly within the rule laid down in the authorities above cited, and should be governed by them.

It is further claimed, as ground for a new trial, that the defendant's counsel testified that he certainly should not have agreed to the settlement if he had not supposed it was an end to all controversies between these parties. No specific objection appears to have been made to this at the time of the trial. The only objection then presented was the general one to the reception of parol evidence to prove the relinquishment of the claim here in suit. If other objections were to be urged to particular portions of the testimony, the attention of the presiding judge should have been called to them. It is too late now. *Longfellow* v. *Longfellow*, 54 Maine, 240. *White* v. *Chadbourne*, 41 Maine, 149.

The plaintiff further complains, that the jury were instructed that counsel had authority to settle the subject-matter of this suit as incident to the former suit in which they were employed.

The duties, obligations, and authority of counsellors and attorneys at law, who are employed to maintain and protect their clients' interests in our courts, have often been held to extend not only to the suit in which they are immediately and directly employed, but to other processes growing out of the same and naturally connected therewith.  *Marco* v. *Low*, 55 Maine, 549, and cases there cited.

We do not hesitate to say, that the employment of a counsellor and attorney at law to prosecute a suit for land of which the party alleges that he has been disseized, carries with it an authority to such attorney, to compromise the claim against the disseizor for *mesne profits* during the pendency of the suit if he deems it best for the interest of his client to avoid all the chances of litigation and secure the speedy and successful termination of the principal suit in the most economical manner thereby.

The plaintiff has performed (apparently not to his own disadvantage) one of the verbal stipulations embraced in that adjustment.  The jury have found that he made another, by which, if made by him or his lawfully constituted attorney, he must be content to abide.  The sufficiency of the whole evidence to justify the finding is not in question before us.        *Exceptions overruled.*

APPLETON, C. J.; KENT, WALTON, DANFORTH, and TAPLEY, JJ., concurred.