CHARLES COURTENAY *vs.* H. A. FULLER *et al.*

Cumberland, 1874.—August 5, 1876.

*Evidence.*

Though an oral agreement, if made contemporaneously with a written contract is not admissible to vary it, yet such an agreement, if made subsequently, is, even though such subsequent agreement be the adoption, in terms, of the contemporaneous agreement.

Thus, where the plaintiff performed labor on a railroad, under a written contract, which he was induced to sign on account of an oral agreement made at the same time, which provided that certain kinds of earth work should be measured and paid for as loose rock, and this oral agreement was subsequently adopted and acted upon by the parties; *held,* that the subsequent adoption of the oral, contemporaneous agreement placed it upon the same footing in respect to the written contract, as if it were a new and independent agreement; *held,* also, that it was a sufficient consideration for the new promise, that the party claiming the benefit of it consented to complete the business in faith of it; *held,* further, that whether there had been such an agreement and adoption of it were questions of fact for the jury, and that, as bearing upon these questions, the oral agreement and the extra allowance by the defendant under it, were legally admissible in evidence.

ON MOTION and EXCEPTIONS from the superior court.

ASSUMPSIT for a balance of $2,566.90, on account annexed for labor in 1872-3 on the P. & O. R. R.

The work was commenced, and a portion of it done under an oral agreement of prices at twenty-five cents a yard for earth excavation, $1.60 for solid rock, eighty cents for loose rock, and eighty cents for rip rap. After settling one month's estimate, a contract in writing was signed and sealed by the parties, at these prices. At the time of the execution of the written contract, there was an oral agreement made in the interest of the plaintiff, and acted upon by the parties afterwards. On final settlement, the defendants claimed, that the extent of the oral agreement, was, that the old specifications on the road, instead of the new, should be adopted as to measurements, so that all rock which contained over a cubic foot should count as loose rock, and be payable for as such, whereas under the new specifications annexed to the contract, everything up to thirteen cubic feet would count as earth. The plaintiff claimed that the engineer, Peverly, was not limited in his measurements, by either of the specifications, but was to reckon enough of the earth as loose rock to allow him a fair price for the whole work done. On the plaintiff's theory more pay was due him ; on the defendants', the plaintiff had been fully paid.

The verdict was for the plaintiff, for $1,103.52, which the defendants moved to have set aside, as against law and evidence.

Exceptions were also taken by the defendants.

I. Because the witness, Hogan, was allowed to testify what would be a fair price averaging the whole work, that being as the defendants claimed, a question for the engineer, according to the plaintiff's own testimony.

II. Because, although the defendants insisted on the principle, that written contracts are not to be altered by prior and contemporaneous conversations, the judge, in his instructions, overlooked the distinction that there was no evidence of any new agreement, made after the execution of the contract, but only admissions of previous conversations, and the fact that the defendant, Harding, allowed twenty-five per cent. additional to the written contract

price; these, as the defendants claimed, not proving a new agreement.

III. Because the plaintiff's witness, Fortune, was allowed to testify to his statement to the engineer, Peverly, of what arrangement was made between the plaintiff and the defendant, Harding.

*W. L. Putnam*, for the defendants.

*B. & A. W. Bradbury*, for the plaintiff.

DICKERSON, J.   Extrinsic verbal evidence is admissible to prove a new and distinct agreement upon a new consideration, whether it be a substitute for the written contract, or in addition to and beyond it.   It is a sufficient consideration for the new promise, that the party claiming the benefit of it went on and completed the business in faith of it.

We see no objection to applying this principle to cases where there has been a verbal agreement to change the written contract, wholly, or in part, made contemporaneously with it, where such verbal agreement has been adopted by the parties subsequently to the execution of the written contract.   The subsequent adoption of the verbal, contemporaneous agreement in the latter case, places it upon the same footing, in respect to the written contract, as the subsequent parol agreement in the former one. Greenl. on Ev., §§ 302 and 303.   *Munroe* v. *Perkins*, 9 Pick., 298.

It is conceded in the case at bar that there was a written contract in respect to the work in controversy, and also, that there was a contemporaneous verbal agreement to modify the written contract which was subsequently recognized by the parties.   The difference between the parties arises mainly in respect to the nature and extent of the modification, the plaintiff contending that it gave him a fair price for the whole work done, and the defendants insisting that it simply changed the basis for estimating the quantity of loose rock excavated.   If the plaintiff's theory is correct, he is entitled to more pay than he has received; if the defendants' theory is the true one, the plaintiff has been fully paid.

The case was submitted to the jury under the instructions of the court upon these respective theories.   The evidence was conflicting, and consisted of contemporaneous conversations, and acts

of the parties subsequent to the execution of the written contract. It was the province of the jury to determine whether there was a modification of the written contract, and if so, what it was. They saw and heard the witnesses, and returned a verdict for the plaintiff. There is nothing in the case to show that they were influenced by corruption, prejudice or bias, or that they misapprehended or disregarded the evidence. The question is not whether the court would have rendered such a verdict, but whether the verdict is so manifestly erroneous as to require the court to set it aside. We think it is not.

Our conclusion also is, that the exceptions must be overruled. The presiding judge, in his instructions to the jury, took the precaution, not only to make the written contract their sole guide for determining the rights of the parties, in the absence of any parol agreement to alter or modify it, but also to explain to them the evidence necessary to prove such agreement, and its effect, when established. He also gave full and explicit instructions as to the legal effect of the decision of the engineer, in the premises, under the written contract, and under its modified terms as respectively claimed by the parties. After a careful examination of these instructions we are unable to find anything in them with which the defendants have legal cause for complaint. On the contrary they present the law of the case in its various aspects, with singular clearness, precision and accuracy.

Nor is there any error in the judge's ruling in admitting testimony under the defendants' objection. The testimony of the plaintiff's witness, Hogan, that seventy-five cents per cubic yard would be a fair price for the whole quantity excavated, was clearly admissible upon the question of damages, should the jury determine that the plaintiff was entitled to a fair price for his work, as he claimed.

Nor do we perceive any valid objection to the testimony of the plaintiff's witness, Fortune, that he told the engineer that the defendant, Harding, had agreed to allow him to say what was a fair price for the work, and how the allowance was to be made. It was the duty of the engineer to make the estimates, and if there had been such a modification of the written contract, it was neces-

sary that he should know it; and it is immaterial whether he was advised of the change by the witness, or not. He would have no authority, nor would he be likely to change his estimates upon information not derived from the parties themselves.

The requested instructions, so far as they were applicable to the case and consistent with the rules of law, were substantially given. It was a question of fact for the jury to determine whether the allowances made subsequently to the execution of the written contract and in excess of those therein provided, were intended by the parties as an adoption of the contemporaneous verbal agreement to modify the terms of the written contract. The requested instruction upon that branch of the case, if given, would have taken this question of fact from the jury.

*Motion and exceptions overruled.*
*Judgment on the verdict.*

WALTON, DANFORTH, BARROWS and VIRGIN, JJ., concurred.