## TYLER TERM.

F. ACKERMAN v. J. W. BUNDREN.

(No. 1983, Op. Book No. 3, p. 107.)

1 w 757
§ 1306
2 w 489

APPEAL from Bexar County. Opinion by QUINAN, J.

§ 1306. *Parol evidence to vary, etc., written contract; rules as to, and when it does not apply.* The general rule is that parol evidence is not admissible to vary, contradict or add to written contracts. When parties resort to such writing to express the terms of their agreements, the writing is to be taken as embodying all their previous negotiations and understandings about its terms, and what the law implies from the terms of the contract can no more be varied by parol than an expressed stipulation. But this general rule, excluding parol testimony, does not apply where it appears that the instrument was not intended to be a complete and final settlement of the whole transaction, or where the object of the evidence is to show a separate subsequent valid agreement to rescind, modify, extend or waive the contract, or a provision of it. [Abb. Tr. Ev. 295.] And it is said there is no rule of evidence which precludes the party from asserting and proving by oral testimony a distinct and valid parol contract, made at the same time and not reduced to writing, which is not in conflict with the provisions of the written contract, and which operated as an inducement to the party to enter into it. [Bonney v. Merrill, 57 Me. 368; 36 N. Y. 391; 14 Johns. 330; Whart. Ev. 1027; 65 Me. 156.]

November 16, 1881.                          Affirmed.