Opinion by
White, P. J.
§ 544. Parol evidence is admissible to prove apart of a verbal contract not reduced to writing; case stated. King & Davidson sued James to recover the amount of a bill of goods which he had ordered to be shipjied to him by them. The order for the goods was in writing, and given by James to the agent of King & Davidson. James’ defense was that the order in writing was given by him with the understanding and the express condition that he reserved the right to countermand the same at any time before the goods were shipped, and that he did countermand said order before the goods were shipped. On the trial James offered to prove, by parol evidence, this alleged portion of the contract, and that he had countermanded said order. This evidence, upon objection thereto by appellees, was excluded, and judgment was rendered against appellant for the amount sued for, and costs. Held, the court erred in excluding the proposed evidence. The rule that “ parol contemporaneous evidence is inadmissible to vary the terms of a valid written instrument, does not apply where the original contract was verbal and entire, and a part only of it was reduced to writing.” [1 Greenl. Ev. § 284a.] “If *489 the matters alleged are for the purposes of the given suit, a proper part of the transaction to be investigated, and the law does not directly forbid such matters to be proved by parol, and the parties have instituted written evidence of only parts of the transaction, not including the parts to be proved orally, then the evidence is entitled to be heard.” [Miller v. Fetchthorn, 31 Penn. St. 260; Thomas v. Hammond, 47 Tex. 43; W. & W. Con. Rep. §§ 44, 366, 498; ante, § 326.] “And it is said there is no rule of evidence which precludes the party from asserting and proving by oral testimony a distinct and valid parol contract, made at the same time and not reduced to writing, which is not in conflict with the provisions of the written contract, and which operated as an inducement to the party to enter into it.” [57 Me. 368; 36 N. Y. 391; 14 Johns. 330; 2 Whart. Ev. § 1027; 65 Me. 156; W. & W. Con. Rep. § 1306.] A right to countermand the order before the shipment of the goods cannot be said to be a contradiction or variance of the order. It is entirely consistent with the order. [Cox v. Bray, 28 Tex. 247; 2 Whart. Ev. § 1015.] “A verbal promise by one of the parties at the making of a written contract, if it was used to obtain the execution of the writing, may be given in evidence.” [Powelton Coal Co. v. McShain, 75 Penn. St. 238.]
§ 545. Principal bound by declarations and promises of agent, tuhen. A principal seeking to enforce a contract made by his agent is bound by the declarations and promises of such agent, made at the time of the contract, although such agent exceeded his authority. [Caley v. R. R. Co. 89 Penn. St. 364.]
§ 546. Contract; when complete; purchaser may retract, when. Another objection urged by appellant is, that the court erred in holding that defendant did not have the right to countermand his order. The position assumed is, that the order was not a contract, but a proposition to purchase the goods, which could be accepted or declined at the option of appellees. This would de *490 pend, perhaps, upon the authority of the agent to make absolute contracts, and whether it was the intention of the parties that this transaction was to be regarded as a complete contract. If the agent had no such authority, or if the parties did not intend an absolute, complete contract at the time, then the order could be considered only as a mere proposal to purchase. “In such case, the rule is, that if the proposition be made in writing and sent by the post, the person making the offer can retract it by a subsequent letter reaching the other party at any time before an answer of acceptance is written and put in the mail. But, as soon as such answer is placed in the mail, the contract is completely closed as to both parties.” [1 Story Con. (5th ed.) § 498.] A contract is incomplete as long as one of the parties has the right to accept or reject ■ the proposition. [W. & W. Con. Rep. §§ 404, 405, 406; Williams v. Rogan, 59 Tex. 438.]
February 18, 1885.
Reversed and remanded.