BROWN, *Appellant*, v. BOWEN.

1. **Written Contract**: PAROL EVIDENCE, WHEN ADMISSIBLE. The rule which prohibits the introduction of parol contemporaneous evidence to change or modify a written contract does not apply when

Brown v. Bowen.

the original contract was verbal and entire and a part only was reduced to writing.

2. ——— : ———. So the rule does not apply where a distinct collateral contemporaneous agreement, independent of and not varying the written agreement, is offered in evidence, though it relates to the same subject matter.

3. ——— : SUBSEQUENT PAROL AGREEMENT. Nor does the rule excluding parol evidence apply when a complete contract in writing is entered into which is subsequently varied by a parol agreement.

4. **Married Woman**: STATUTORY SEPARATE ESTATE. A married woman, under Revised Statutes, section 3296, is a *feme sole* with full powers as such in reference to her statutory separate estate.

5. **Estoppel.** One suing for the conversion of a note is estopped to deny a married woman's competency to contract with defendant as to it, when he depends for his own standing in court upon the validity of her assignment of the note to him.

*Appeal from Knox Circuit Court* — HON. BEN. E. TURNER, Judge.

AFFIRMED.

*O. D. Jones* for appellant.

(1) The court erred in admitting any evidence under the answer over plaintiff's objections. Mrs. Sherman being a married woman was not competent to make the oral agreement set up in the answer. Story on Bailments, secs. 50, 162 and 302 [4 Ed.] ; *Davis v Smith,* 75 Mo. 219. (2) The answer did not state facts sufficient to constitute a defence to the action. It shows that if there had been a valid authority conferred on defendant to negotiate the note it was revocable and revoked. Story on Bailments, secs. 207, 210 and 211, [4 Ed.] ; 2 Story's Eq. sec. 1046 ; *Garlick v. James,* 12 Johns. 146 ; *Markham v. Jordan,* 41 N. Y. 235 ; *Cartelyon v. Lansing,* 2 Caine's Cases, 200. (3) The defence made is not based on the answer. The petition charges a conversion of the note ; the answer admits the manner

of obtaining possession and the conversion, and then
pleads an original oral agreement to the effect in law of
a pledge or mandate of note to pay his and Speicberger's
note.   But the defence made at the trial was on a mod-
ified written agreement and should have been pleaded
as such.   *Henning v. Insurance Co.*, 47 Mo. 425.   (4)   No
suit for trover or conversion of a chose in action can be
maintained by any one but the owner.   *Webster v.
Heylman*, 11 Mo. 428.   (5)   The court erred in refusing
the instructions asked by plaintiff.   *Chambers v. Board*,
60 Mo. 370.

*L. F. Cottey* for respondent.

(1)   Plaintiff insists that Mrs. Malinda Sherman was
a married woman, and, therefore, could not make a con-
tract that would bind her, without the consent of her
husband.   Without stopping to argue this proposition,
I will say that whatever interest or title plaintiff has to
the note in controversy, he obtained by and through his
contract made with Malinda Sherman, this same mar-
ried woman.   Plaintiff is not prejudiced by the action
complained of, and but for his pretended contract with
a married woman he could not be in court.   Consistency
of proceeding is, therefore, required of all those who
come, or are brought before the courts.   Bigelow on
Estoppel [3 Ed.] 562, 601; *Callaway v. Johnson*,
51 Mo. 33; *Crutchfield v. Railroad*, 64 Mo. 255; *Type
Foundry v. McCann*, 68 Mo. 195; *McGonigle v.
Dougherty*, 71 Mo. 259.   (2)   Plaintiff says the defence
is not based on the answer.   In this he is very much
mistaken.   An examination of the answer, evidence and
instructions, will show that the case was tried on the
theory of the answer all the way through.   Mrs. Sher-
man owed defendant one hundred and twenty dollars,
and Speicberger Bros. two hundred and sixty-eight dol-
lars.   Defendant was to negotiate the note and first

apply the proceeds in payment of these claims, which was done, and plaintiff was duly notified of these facts before he made his pretended purchase. (3) The whole case was fairly submitted to the jury upon appropriate instructions given by the court of its own motion. The verdict of the jury upon the weight of the evidence is regarded as conclusive. *Fletcher v. Drath*, 66 Mo. 126 ; *Type Foundry v. McCann*, 68 Mo. 195 ; *Siems v. Meier*, 11 Mo. App. 589.

SHERWOOD, J.— Plaintiff claims in this action to be the assignee of a note for four hundred dollars, executed to Mrs. Malinda Sherman, and sues defendant for its conversion.

The circuit court refused the following instructions asked by plaintiff :

"1. The court instructs the jury that the evidence of the verbal agreement made between Mrs. Sherman and defendant, Bowen, as deposed by defendant and his witnesses, is withdrawn from the jury ; the same being incompetent and not pertinent to any material issue in the cause."

"2. Defendant admits in his testimony that his authority to act as the agent of Mrs. Sherman was revoked before the plaintiff's purchase of the note in question ; and from and after that time he was not authorized to negotiate it, and you should find for plaintiff in such sum as the note was reasonably worth at the time of bringing suit."

"3. That the written receipt and contract given by defendant to Mrs. Sherman at the time of her delivery of the note in question to him, is the only evidence before you as to the terms and conditions on which the defendant took and held said note."

And the court of its own motion gave these instructions :

"If the jury believe from the evidence in the cause

that Mrs. Sherman was in debt to defendant in the sum of one hundred and twenty dollars, and to Speicberger Bros. in the sum of $268.22, and that said Mrs. Sherman instructed defendant to hold said note until collected or negotiated and to pay off said claims with the proceeds thereof, and that defendant agreed thereto with said Mrs. Sherman and Speicberger Bros., and that plaintiff Brown had notice of said claims and agreement with Mrs. Sherman before he purchased said note, then the verdict should be for the defendant, provided the jury believe from the evidence, that the claims of defendant and Speicberger Bros. exceed, or were equal, in value to the said note.''

"If the jury believe from the evidence in the cause, that defendant and Mrs. Sherman had an agreement that defendant should negotiate said note and with the proceeds pay off one hundred and twenty dollars to himself and a note belonging to Speicberger Bros., and that said Speicberger Bros. note was assigned to defendant Bowen by agreement with Mrs. Sherman with such an understanding, and L. F. Cottey, attorney for defendant, notified plaintiff thereof before he purchased the note, then the verdict should be for the defendant, if the jury further believe from the evidence the amount of said claims exceeded or even equaled in value the said note.''

" Although the jury may believe from the evidence in the cause that defendant may have had an agreement with Mrs. Sherman to negotiate the note in question, and with the proceeds to pay off claims to defendant and Speicberger Bros., the verdict should be for the plaintiff unless the jury further believe from the evidence that plaintiff had notice of said agreement before his purchase of the note in question.''

" Although the jury may believe from the evidence in the cause that plaintiff, before he purchased the note in question, had notice of the fact that defendant had a claim of one hundred and twenty dollars for himself and

$268.22 for the Speicberger Bros., still the verdict should be for the plaintiff unless he had notice that defendant claimed the proceeds that might arise from the sale of said note for the payment of said claim. If the verdict be for the plaintiff, it should be for the reasonable market value of the note in question at Edina at the date of the demand of the possession thereof from the defendant by the plaintiff."

These instructions fully and fairly covered the law and facts of the case as developed by the pleadings and evidence. The abstract of the plaintiff's counsel is wholly unreliable, as I have found by an examination of the transcript in the cause. That transcript contains abundant testimony on the part of defendant himself, and of Cottey, his attorney, showing that plaintiff, before he bought the note in question, was fully apprised of the liens which defendant had on the note and its proceeds to satisfy certain advances he had made to Mrs. Sherman by special contract with her. This made out defendant's case, according to the terms of his answer; and the instructions given presented the theory of the plaintiff that he purchased the note prior to maturity in good faith and without notice of any liens on it.

It is contended here that the verbal testimony, just referred to, was improperly admitted. This position is untenable. This oral evidence in no way contradicted or varied the receipt given by defendant to Malinda Sherman, for the negotiation of the note and the payment to her of the proceeds. That receipt was perfectly consistent with the verbal agreement made at the time the note was delivered to defendant, that its proceeds, when negotiated, should be applied to the payment of advances already made by defendant. The rule which prohibits the introduction of parol contemporaneous evidence, does not apply when the original contract was verbal and entire, and a part only was reduced to writing. 1 Greenl. Evid., sec. 284a; *Rollins v. Claybrook,*

22 Mo. 405 ; *Moss v. Green*, 41 Mo. 389. Nor where a distinct collateral contemporaneous agreement, independent of, and not varying the written agreement, is offered in evidence, though it relates to the same subject matter. *Bonney v. Morrill*, 57 Me. 368 ; *Bashor v. Forbes*, 36 Md. 154. Nor does the prohibitory rule apply when a complete contract in writing is entered into, which is subsequently varied by a parol agreement. *Bunce v. Beck*, 43 Mo. 266, and cas. cit.

In this case, under the authorities cited, parol evidence was admissible, whether offered to show that the original contract was verbal and only partly reduced to writing, or that the parol portion of it was an independent contemporaneous collateral agreement, relating to the same subject matter, or that, subsequently to the execution of the receipt, a different and additional contract was entered into between the parties in relation to the advances already made by defendant, and the course he was to pursue in relation to the Speicberger note, and its payment out of the proceeds of the note in controversy. The evidence is sufficiently comprehensive to place the admissibility of parol testimony under either one of the heads mentioned. In relation to Mrs. Malinda Sherman being a married woman, and, therefore, incompetent to make the contract with defendant in regard to the note, it is sufficient to remark that, under section 3296, Revised Statutes, and a recent ruling of this court, she was, in regard to the note in suit, a *femme sole*, with full powers as such. *Blair v. Railroad*, 5 West. Rep. 449 ; s. c., 89 Mo. 383. But it certainly does not lie in plaintiff's mouth to urge that his assignor was incapable of contracting with defendant because she was a married woman, while depending for his own standing in court upon the validity of her assignment of the note to him. Bigelow on Estoppel, 562, 601, 602, and cas. cit.

For the reasons aforesaid, judgment affirmed. All concur.