REBECCA SANDIGE, Appellant, v. GEORGE W. HILL, Respondent.

Kansas City Court of Appeals, November 7, 1898.

1. **Evidence**: LEASES: PAROL EVIDENCE. In this case parol evidence is held inadmissible to show a parol letting between plaintiff and one A. in the face of leases between plaintiff and one H. and said H. and said A., which leases were subsequent to the alleged parol letting.

2. **Appellate Practice**: CONCLUSIONS OF FACT OF THE TRIAL COURT NOT BINDING IN THE ABSENCE OF EVIDENCE. Written conclusions of fact found by the trial court are in the nature of a special verdict but are not conclusive upon the appellate court unless there is evidence tending to establish the facts so found, and in this case there is an absence of such evidence.

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

CALLISON & HUTCHISON and J. T. DEVORSS for appellant.

(1) This cause was submitted on the issues of payment and waiver of landlord's lien. It had once before been submitted on the same issues, both in the circuit court and in the appellate court, in which latter court the finding was for the plaintiff on precisely the same evidence [now offered here (see Sandige v. Hill, 70 Mo. App. 71), and hence the case becomes *res adjudicata.* Bealy v. Blake's Adm'r, Mo. App. Reporter, April 4, 1898, p. 305, and cases there cited; Overall v. Ellis, 38 Mo. 209; Bevis v. Railway, 30 Mo. App. 564; Lead and Zinc Co. v. Ins. Co., 41 Mo. App. 414; McKenny v. Harrel, 36 Mo. App. 337; Grundy v. Webb, 48 Mo. 563; Bank v. Taylor, 62 Mo. 338; Chouteau v. Gibson, 76 Mo. 38–51. (2) The court erred in admitting testimony, over the objections of plaintiff, tending to show how, to whom and by whom the rent in controversy was to be paid, because it contradicts, alters and varies the written leases between the plaintiff and Phipps, and between Phipps and DeAtley. Culp & Co. v. Powell, 68 Mo. App. 241; Whelan v. Tobener, 71 Mo. App. 361 and 369. (3) The court erred in its finding of facts in finding that payment was made to plaintiff by the execution and asserted delivery to F. M. Phipps of the note made by DeAtley to him, in the absence of an express and independent agreement that it should be payment. Rider v. Culp, 68 Mo. App. 527, 530, 531; Commiskey v. McPike, 20 Mo. App. 82, 84. In finding a waiver

of lien when the facts and circumstances do not in the least tend to show that it was the plaintiff's intention to waive her landlord's lien. Sandige v. Hill, 70 Mo. App. 71, 77; Garst v. Good, 50 Mo. App. 149, 150; Ridge v. Mercantile L. & T. Co., 56 Mo. App. 155, 158; Meunch v. Bank, 11 Mo. App. 144; Nelson v. Royston, 36 Ark. 561; Rowlins v. Proctor, 56 Iowa, 536.

ALEXANDER & RICHARDSON and HAMILTON & DUDLEY for respondent.

(1) There is no question that as between individuals, payment of debt by note may be made, where there is agreement to that effect. The plaintiff, R. M. Sandige, accepts the note with the securities on it as payment of DeAtley's part of the rent. Montgomery Co. v. Auchley, 103 Mo. 502; Howard v. Jones, 33 Mo. 583; Callaway v. Johnson, 51 Mo. 32; Leabo v. Goode, 67 Mo. 127. (2) Although it might have been error in the trial court admitting evidence as to estoppel on part of defendant, yet, as plaintiff submitted the issues on this theory in his instructions he can not be heard to complain in this court. Davis v. Brown, 67 Mo. 313; Hardwick v. Cox, 50 Mo. App. 509; Harding v. Manard, 55 Mo. App. 364; Bowlin v. Creel, 63 Mo. App. 229; Hanks v. Railroad, 60 Mo. App. 274. (3) Where there is a trial before the court without instructions, the appellate court should uphold the judgment if it can be done on any theory of law. Guinotte v. Egelhoff, 64 Mo. App. 356; Warder-Bushnell-Glesser Co. v. Allen, 63 Mo. 722. (4) A parol contemporaneous agreement, independent of, and not inconsistent with the one reduced to writing, is admissible in evidence. Steele v. Greening, 122 Mo. 287; Brown v. Bowen, 90 Mo. 190. (5) Taking note,

with security, for rent, presumptively waiver of lien. Garst v. Goode, 50 Mo. App. 149.

SMITH, P. J.—This case was here on another occasion as will be seen by reference to 70 Mo. App. 71. We then reversed the judgment and remanded the cause for further trial. Since then there has been a retrial of the cause wherein the evidence adduced was precisely the same as that appearing in the record of the former appeal, therefore the statement of the facts there set forth will be found sufficient for a full understanding of the questions presented by the present appeal.

At the trial the plaintiff without objection introduced in evidence a written lease dated February 28, 1895, whereby plaintiff rented her farm lands to Phipps for one year for $500. It is recited in the lease that Phipps had executed to plaintiff his promissory note for $500, the amount of said rent. Phipps, with the written permission of the plaintiff, made a lease in writing to one DeAtley for a part of the land which he had leased of the plaintiff. This lease recited that DeAtley had agreed thereby to pay Phipps $275 rent and had executed to the latter his promissory note for that amount with Thompson and Keener as sureties thereon. The lease and note were dated February 28, 1895.

The defendant for the purpose of establishing the defense of waiver, relied upon by him, introduced as a witness on his behalf the said sub-lessee, DeAtley, who testified that he went to see plaintiff and asked her if it would be all right to rent this land from Phipps and she said it would. He further testified that at another time, "I told Mrs. Sandige I have that note ready for the payment of the rent of this place. It is drawed payable to Mr. Phipps with my name and Dr. Thompson's and Dr. Keener's on it." She said: "That is a good

bankable note. That note is all right." I says: "Hold on and I'll go in the house and get that note and give it to you." She says: "No, you turn it over to Phipps; he is attending to the business." It is conceded that this colloquy occurred prior to the date of the lease.

It is contended by the plaintiff that this testimony was admitted in violation of that well established rule which forbids the introduction of evidence of oral agreements prior or contemporaneous with a written agreement whereby the terms of the latter are varied, altered or contradicted. If the inference to be drawn from the testimony of DeAtley, which we have already quoted, is that plaintiff, by parol, rented to the witness the lands cultivated by him and agreed to accept his note, with sureties thereon, for the rent to become due, then it is manifestly contradictory of that clause in the lease which recites that plaintiff had leased the land to Phipps for a rental of $500 to be paid by him to plaintiff; and also of that claim in the sublease which recites that Phipps leased to DeAtley a certain part of said land and had taken the latter's note for the rent to become due.

EVIDENCE; leases; parol evidence.

If DeAtley made a verbal agreement with plaintiff to rent part of her land and to give her a bankable note for the rent as he was permitted to testify, this agreement seems to have been wholly overthrown by the subsequent written agreements, by which plaintiff rented all of her land to Phipps, who rented part of it to DeAtley. The verbal agreement seems to have been wholly set aside and superseded by the leases. The verbal and written agreements are so utterly inconsistent that they both can not stand. It will not do to say that the verbal agreement is not within the prohibition of the rule quoted at the outset. It does not appear

to be a verbal contract where only a part of it was reduced to writing as in Rollins v. Claybrook, 22 Mo. 405, nor was it a case where a distinct collateral contemporaneous agreement, independent of, and not varying the written agreement, though relating to the same subject was offered in evidence, as in Bonney v. Morrill, 57 Me. 368. Nor is it a case where the evidence adduced is sufficiently comprehensive, as in Brown v. Bowen, 90 Mo. 184, to place the admissibility of the parol testimony under either of the above heads. If Phipps was the agent of the plaintiff at the time of the verbal agreement it would seem from the written leases that he did not act in that capacity in renting part of the plaintiff's lands to DeAtley but that he acted for himself and on his own account and that DeAtley so understood it, so that so much of the objected to testimony of DeAtley as tends to prove that Phipps was the agent of the plaintiff to rent her lands is inconsistent with the terms of the subsequent written lease under which DeAtley acquired possession as tenant of part of the plaintiff's land.

It seems clear enough to us that the admission of the testimony of DeAtley as to the verbal agreement, etc., was error.

The written conclusions of fact found by the court are in the nature of a special verdict but are not conclusive on us unless there is evidence tending to establish the facts thus found. The finding of the court was to the effect: "That Robert DeAtley applied to plaintiff to rent the premises on which the crops were grown, a lien upon which is claimed in the case, that plaintiff demanded payment of such rent in good bankable note or notes, that DeAtley pursuant to such demand and prior to taking possession of the premises

APPELLATE practice: conclusions of fact of the trial court not binding in the absence of evidence.

leased tendered to plaintiff the notes in evidence in payment of said rent, that said notes were approved by plaintiff and were delivered by DeAtley, by her direction, to Frank Phipps, that the demand of and receipt of said note by Phipps (who under the evidence the court finds was the agent of plaintiff for that purpose) was intended and understood by both parties to be in payment of said rent, and a waiver of the lien of plaintiff on said crops for payment of said rent. The court further finds there is no evidence in the cause tending to prove that plaintiff intended to retain a lien on said crops for payment of said rents.''

The evidence nowhere discloses that DeAtley at any time applied to plaintiff to rent any part of her land. DeAtley himself testified that he asked plaintiff whether it would be all right for him to rent the land of Phipps and was informed by her that it would as Phipps was attending to that part of the business. In the light of what subsequently transpired, it is plain that what plaintiff meant was that if DeAtley wanted to rent the land of Phipps as his subtenant she would give her consent thereto. This was no doubt the reason why plaintiff made the remark to DeAtley that Phipps was attending to that matter. If Phipps rented the entire farm, as he did, then as a matter of course the subletting must have been by him with plaintiff's consent. If the testimony of DeAtley, heretofore referred to, tends to prove that there was a verbal agreement entered into between the plaintiff and himself, it is unconvertibly true that such agreement was never carried out. DeAtley subsequently rented the land of Phipps to whom he bound himself by the terms of a written lease to deliver a note with sureties thereon for the rent. How can it be said, in the face of the two written leases, that the plaintiff rented any part of her land to DeAtley, or that the latter bound

himself by any agreement with her to pay the rent in a good bankable note?

Phipps was bound under his lease to pay plaintiff $500 for the rent of all her land. There is not a semblance of evidence tending to prove a contract between Phipps, DeAtley and plaintiff, by which plaintiff agreed to accept of DeAtley a bankable note for $275 as a partial payment of Phipps' rent note to her. The rights and obligations of the parties must be measured by the written leases. These conclusively show that the relation of landlord and tenant did not exist between plaintiff and DeAtley.

It is quite difficult to understand how the learned trial judge reached the conclusion that DeAtley had rented the land of the plaintiff. We have examined the evidence in vain to discover some foundation there on which to rest this finding. The question as to whether or not DeAtley was the tenant of plaintiff must be determined by reference to the written leases. These show that he was not the tenant of plaintiff but the sub-tenant of Phipps. From the foregoing it follows as an inevitable corollary that the other conclusions of fact found by the court are equally unauthorized by the evidence.

In this view of the case it becomes unnecessary to notice other points discussed by counsel in their briefs. The judgment will be reversed and cause remanded. All concur.