# Cullmans et al. *versus* Lindsay et al.

1. Parol evidence is admissible to show a verbal, contemporaneous agreement which induced the execution of a written obligation, though it may vary or change the terms of the written contract.

2. A written agreement may be modified, explained, reformed, or altogether set aside by parol evidence of an oral promise or undertaking material to the subject matter of the contract, made by one of the parties

[Cullmans v. Lindsay.]

at the time of the execution of the writing, and which induced the other party to put his name to it.

3.　Juniata Building Association v. Hetzel, 7 Out., 507 ; Walker v. France, 2 Amerman, 203, followed.

4.　Parol evidence which will be effective to reform a written instrument must be clear, precise and indubitable ; it must carry clear conviction to the minds of the jurors that the witnesses are credible, that the facts are distinctly remembered, and are truly and accurately stated ; and to the mind of the court that if the facts alleged are true the matters in issue are definitely and distinctly established.

5.　The unexpressed intent, motive, or belief, existing in one party's mind at the execution of a contract, cannot aid the jury in ascertaining whether the language or conduct of the other party had been such as to create that intent, motive or belief ; it is therefore error to permit a party to a contract, or his agent, to testify what induced him to execute the contract.

May 19th, 1886.　Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ.　TRUNKEY, J. absent.

ERROR to the Court of Common Pleas of *Lancaster county :* Of January Term 1886, No. 347.

Appeal of Joseph Cullmans *et al.* from the judgment of a Justice of the Peace in favor of James Lindsay, plaintiff in the action.　The narr filed contained the common counts with a special count on a contract alleging a loss of one hundred and fifty dollars caused by a re-sale of leaf tobacco.　Plea, non assumpsit.

The facts as they appeared in the trial before PATTERSON, J. sufficiently appear in the opinion of the Supreme Court.

The defendants asked Morin, one of their witnesses, *inter alia*: " Have you authority from Cullmans and Rosenbaum to execute different contracts for the purchase of tobacco, than the one that is furnished you in these blanks ? "　Objected to ; objection sustained, evidence rejected and bill sealed.　(First assignment of error.)

The defendants asked Robert K. Lindsay, called by the plaintiff in rebuttal :　Were his declarations that this contract amounted to nothing and meant nothing, and that the tobacco would be paid for, as he bought it on sight, was that an inducement to you to sign the contract?　Objected to ; objection sustained, evidence rejected and bill sealed.　(Second assignment of error.)

The defendant presented the following points :

" If the jury believe from the evidence that plaintiffs unloaded at defendants' warehouse eleven bales of tobacco, and failed to unload the balance of the tobacco when requested to do so, there was no delivery of any tobacco, and the verdict should be in favor of defendants."

*Answer.* " The Court affirms this point if you believe the evidence of the defendants, that plaintiffs unloaded at the defendants' warehouse but eleven bales of tobacco, being part only of the lot sold, and failed to unload or deliver the balance when requested to do so, then there was no delivery, and the verdict should be in favor of defendants, unless you find from all the evidence in the case, that the defendants, or some of them were the cause of the non-delivery. In other words, if the plaintiffs delivered part of the tobacco at the warehouse, and were ready and willing to unload or deliver the whole lot according to contract, and the defendants or any of them contended for a change of the contract, or a new contract as testified, and thus caused the plaintiffs to refuse unloading the balance, then it don't follow that the defendant must have your verdict." (Fourth assignment of error.)

5. If the jury believe from the evidence, that plaintiffs did not deliver all the tobacco according to the contract, the verdict should be in favor of the defendants."

*Answer.* The Court cannot affirm this point—it reads " if you, the jury, believe from the evidence, that plaintiffs did *not* deliver all the tobacco according to the contract,"—it does not say what contract—the written contract, or the contract alleged by the parol, the jury must find under the instructions given by the Court, what the contract of sale was. (Fifth assignment of error.)

Verdict for the plaintiffs in the sum of $197.01, and judgment thereon, whereupon the defendants took this writ and filed, *inter alia,* the above assignments of error.

*J. L. Steinmetz,* for plaintiffs in error.—On the trial plaintiffs endeavored to materially vary and contradict the written or printed contract, by evidence of a contemporaneous parol agreement. There is no allegation in the narr that the written contract was executed on the faith of the parol agreement, and it is, therefore, doubtful whether the terms and conditions of the written contract could be attacked at all: Callan *v.* Lukens, 89 Penn. St., 134; Parsons *v* Adeler, 8 W. N. C., 72.

If plaintiffs will insist on the benefit of a contemporaneous parol agreement, they must declare on it: Hunter *et al. v.* McHose, 4 Out., 38.

Before plaintiffs can recover in this action they must set aside the written contract and show a delivery. To set aside the written contract there must be clear, precise and indubitable evidence of fraud or mistake, and it is error to submit the question of fraud to the jury upon slight, trivial parol evidence : Stine *v.* Sherk, 1 W. & S., 195 ; Miller *v.* Smith, 9 Casey, 386.

" When parties without fraud or mistake have put their en-

gagements in writing, that is not only the best, but the sole evidence of their agreement." Martin v. Berens, 17 P. F. Smith, 459.

*George Nauman*, that a written agreement may be modified, explained, reformed, or altogether set aside by parol evidence of an oral promise or undertaking material to the subject matter of the contract made by one of the parties at the time of the execution of the writing, and which induced the other party to put his name to it, must now be regarded as a principle of law so well settled as to preclude discussion. Walker v. France, 2 Amerman, 203.

As the plaintiffs below declared on and proved a parol agreement, much of the argument of the plaintiff in error does not touch the case, and as the defense offered the written or printed paper in evidence it is difficult to see how the question, which is the subject of the second assignment of error, could have been asked except in rebuttal. That the question was proper, is settled in Moore v. H. J. & S. R. R. Co., 13 Norris, 324; Walker v. France, 2 Amerman, 203.

Mr. Justice CLARK delivered the opinion of the Court October 4th, 1886.

This suit was brought to recover the contract price of a certain lot of tobacco, sold by the plaintiffs to the defendants. At the time of the purchase, an agreement partly printed, and partly written, was executed as follows :—

"*April* 18th, 1883."

" This is to certify that I have this day sold my interest in two acres of tobacco to A. S. Rosenbaum & Co. First wrappers at 14 cents; second wrappers at 4 cents; seconds at 4 cents; fillers at 3 cents; to be well selected and free of all damage, such as hail-cut, shed-burnt, fat stems, ragged tobacco, or water casing, and to be delivered in merchantable order, not before the 24th day of April next, at their warehouse.

N. S. LINDSAY."

In the making of this contract, Robert K. Lindsay represented the plaintiffs, and William Morin the defendants. It is alleged, and at the trial evidence was introduced to show that this instrument did not contain the precise agreement of the parties.

It is contended on part of the plaintiffs that the written agreement was made by filling up a printed form, generally used in the purchase of tobacco upon the poles, in the process of curing, whereas, the transaction in hand was in fact a purchase of cured tobacco, stored in a cellar, where every facility was afforded for inspection of the article as to its quality and

condition; that the whole lot was thrown open to examination, and was actually purchased upon inspection; that the clause in the contract relating to its quality and condition was objected to on part of the plaintiff's agent, and the contract was subsequently signed, upon the express promise and agreement of the defendant's agent, that the clause in question should not affect the transaction, but upon delivery of the tobacco, as it then was, the money would be paid at the prices expressed in the contract.

No principle is better settled, as we said in Juniata Building Association v. Hetzel, 7 Out., 507; " than that parol evidence is admissible to show a verbal cotemporaneous agreement, which induced the execution of a written obligation, though it may vary or change the terms of the written contract." " That a written agreement may be modified, explained, reformed, or altogether set aside, by parol evidence of an oral promise or undertaking material to the subject matter of the contract, made by one of the parties at the time of the execution of the writing, and which induced the other party to put his name to it, must now be regarded as a principle of law so well settled as to preclude discussion: Walker v. France, 17 W. N. C., 313; See also, Greenawalt v. Kohne, 85 Penn. St., 369; Barclay v. Wainwright, 86 Penn. St., 191.

It was competent, therefore, for the plaintiffs in this case, to introduce evidence to show, that it was the parol promise referred to, which induced Robert K. Lindsay, their agent, to put his name to the contract; although the effect of the evidence undoubtedly is, by parol proof, to alter the terms of a written instrument. For although the original design of the defendants' agent may have been honest, it is a fraud in the defendants, in order to procure an unfair advantage, subsequently to deny the parol qualification, upon the faith of which the contract was made; evidence as to the real intent of the parties, at the time, therefore, becomes admissible: Lippincott v. Whitman, 83 Penn. St., 244.

The parol evidence, however, which will be effective to reform a written instrument, in such a case, must, it is said, be clear, precise, and indubitable; that is to say, it must carry clear conviction to the minds of the jurors, that the witnesses are credible, that the facts are distinctly remembered, and are truly and accurately stated; and to the mind of the court, that if the facts alleged are true, the matters in issue are definitely and distinctly established: Spencer v. Colt, 8 Norris, 314.

The testimony in this case was certainly such as justified the submission; if the facts are as they are stated by Robert K. Lindsay, and James Lindsay, it is clear, that the written paper did not contain the contract of the parties, and that the

[Cullmans v. Lindsay.]

writing was signed, under the inducement of the accompanying parol promise; the veracity and accuracy of the witnesses, and the conflict in the evidence were of course wholly for the jury.

But the fact, whether or not the parol promise was the inducing cause of the execution of the written contract, especially when the mental purpose is not at the time expressed, is, in general, an inference to be drawn from the facts. These facts are to be exhibited in the proofs, and the work of inference is for the jury. Where a party is charged with the commission of an act, with a particular intent, he may testify what his intention was; but he cannot testify to the undisclosed purpose of his mind, or declare a mental reservation to nullify the express words of his contract: Juniata Build. Ass'n. v. Hetzel, 7 Out., 507. Or, as was said in substance in Spencer v. Colt, 89 Penn. St., 314, "the unexpressed intent, motive, or belief existing in one party's mind, at the execution of a contract, cannot aid the jury in ascertaining whether the language or conduct of the other party had been such as to create that intent, motive, or belief; the parties may often have different impressions, as to its effect upon their respective interests, and therefore the thoughts of one cannot be proved to bind the other.

At the trial, the following question was propounded by the plaintiffs, to Robert K. Lindsay, their own witness:—

"Q. Were his declarations, that this contract amounted to nothing and meant nothing, and that the tobacco would be paid for, as he bought it on sight, was that an inducement to you to sign the contract?

(Objected to; objection overruled, and exceptions).

Q. The witness said that he would accept nothing under that contract; and Morin said, this contract means nothing; I bought this tobacco on sight, and you will be paid for it; was that an inducement to you to sign the contract?

A. That was the only inducement he could have bought it on, or any one else,—no other way."

The answer to this question may have had but little effect on the determination of the cause by the jury—we cannot know certainly, what did influence the jury in the finding; but as it was received against the objection of the defendant, and is assigned for error here, we cannot disregard it upon the mere supposition or conjecture, that it did no harm.

The admission of this answer was clear error, and upon this ground the judgment must be reversed. We find no other error upon this record but upon the second assignment the,

Judgment is reversed, and *venire facias de novo* awarded.