## LESTER v. HEIDT.

The memorandum made and signed by a real estate broker to authenticate a contract for the sale of land is insufficient if, though it states the price (cash), it refers to additional terms agreed on between the contracting parties, these terms not being evidenced by writing but left in parol.

November 26, 1890.

Contracts. Sales. Broker's memorandum. Before Judge FALLIGANT. Chatham superior court. June term, 1890.

Reported in the decision.

DENMARK, ADAMS & ADAMS, for plaintiff in error.

J. R. SAUSSY, *contra.*

BLECKLEY, Chief Justice.

The real estate alleged in the petition to have been the subject of sale and purchase was a certain plantation consisting of two lots of land. The broker's memorandum was as follows: "This is to certify that I have this day sold to D. B. Lester the property placed

in my hands by Thos. P. Heidt for the sum of Four Thousand Dolls. (cash) on the terms that he, the said Thos. P. Heidt, agreed upon with the said D. B. Lester. (Signed)    Robert H. Tatem, Real Estate Dealer, May 2, 1889."

We need not inquire whether the writing sufficiently identifies the property. It is fatally deficient in its failure to express a complete and entire contract. It discloses on its face that something more was agreed upon than is set forth. There were terms embraced in the convention between the parties of which the writing affords no evidence, save that they had been agreed upon and were terms additional to those stated in the writing. The instrument is silent as to what they were, but they are recognized as terms. That they were referred to at all indicates that they were material. According to the petition, they were in fact material, for it avers that out of the price of four thousand dollars named in the writing was to be retained by the purchaser eight hundred dollars to be applied to a mortgage with which the property is encumbered. No offer is made in the petition to pay the whole price, as a condition to the specific performance prayed for, but only to pay what remains after retaining eight hundred dollars or so much less as may be sufficient to discharge the mortgage. The writing construed without qualification by the unexpressed terms referred to, imports that the whole sum of four thousand dollars is to be paid; the petition seeks to have a conveyance decreed on paying less than that sum, and names eight hundred dollars less as the probable deduction contemplated by the parties on account of the mortgage. A deduction twice or thrice as great, and for any purpose whatsoever, even for liquidating a mortgage on some other property, would be quite as consistent with the memorandum and as fully comprehended in its phraseology as this. It is

obvious that all the evils of parol evidence might be
realized as to a part of this contract, so much of it as
is left out of the writing, were the present action held
maintainable.    The plaintiff might testify or bring
witnesses to testify that the terms agreed upon were
thus and so, and the defendant that they were wholly
different.    As well might the temptation to perjury
pervade the whole contract as a material portion of it.
The rule is that the writing, in order to be sufficient to
satisfy the statute, must be coextensive with the stipula-
tions ; it must cover the entire contract.    Riley. *v.*
Farnsworth, 116 Mass. 223 ; Parkhurst *v.* Van Cort-
landt, 1 Johns. Chan. 273; Williams *v.* Morris, 95 U. S.
444 ; 1 Reed Stat. Frauds, §392 ; Brown Stat. Frauds,
4th ed., §§371*a*, 376 ; Wood Stat. Frauds, §371.    There
may be various writings provided they refer one to
another, but they cannot be correlated and connected
together by parol evidence.    *North* v. *Mendel,* 73 *Ga.*
400.    If parol evidence is incompetent to supply the
connecting link between two writings, much more is it
incompetent to supply some of the chain of the con-
tract itself, though there may be a written link by which
to attach it to that portion of the chain which the writ-
ing covers.

The present case is altogether unlike *Mohr* v. *Dillon,*
80 *Ga.* 572.    There the broker knew what the contract
was, attempted to enter the whole of it in his memo-
randum, and made written signs accordingly, but by
reason of chasms and abbreviations the signs were
ambiguous.    Their meaning was not clear, and needed
the light of surrounding circumstances and contem-
poraneous facts to explain it.    Here the broker might
or might not have known what the whole contract was,
but certainly a part of it was unauthenticated by his
signature, for he made no attempt to bring the terms
agreed upon by the contracting parties between them-

selves within the purview of his memorandum.  He pur-
posely omitted them from the writing.  In this respect
the writing is not ambiguous, but certain, clear and defi-
nite.  It hints at but one meaning, and  expresses with
conclusive certainty  what it attempts to  express.  No
amount of evidence consistent with its language could
render its signification  more  obvious or  intelligible.
Its deficiency is one of omission, not of imperfect or
obscure expression.  Its infirmity is not doubtful or
ambiguous speech, but utter silence.  The case of John-
son *v.* Ronald, 4 Munf. 77, is not in point, for there the
price was shown by the parol evidence not only to have
been fixed but paid, and the vendee was in  possession.
The writing was therefore aided by part  performance.
Here, on the contrary, nothing whatever in the nature
of performance is alleged, beyond tender or offer to pay
in conformity to terms not expressed in the writing.
The right to a conveyance in the present case depends
alone on the sufficiency of the broker's memorandum.
That being insufficient, there was no error in sustaining
the demurrer. .                    *Judgment affirmed.*