### STEWART & SON v. COOK *et al.*

1. All the material terms of a contract for the sale of goods worth more than $50 must be in writing signed by the party to be charged therewith.
2. Where the contract is silent as to the price, evidence as to the reasonable price may be offered ; and where, in a sale of cotton, it is silent as to the weight of bales, evidence of the trade meaning of such term may be supplied by proof.
3. But where the petition fails to allege what is the customary meaning of such term, and avers that both round and square bales were sold, and that the parties made an express verbal agreement as to the weight thereof, it affirmatively appears that the contract is partly in writing and partly in parol, and the terms of the statute of frauds are not met.

Argued July 13, — Decided August 13, 1903.

Action upon contract. Before Judge Evans. Johnson superior court. September 15, 1902.

The suit was for the breach of a contract for the sale and delivery of cotton. The defendants demurred on the grounds, that no cause of action was stated; that the contract was void under the statute of frauds; that it was wanting in mutuality and in consideration ; and that it was void for uncertainty. The demurrer was sustained, and the plaintiffs excepted. The petition alleged, that E. M. Redwine, one of the defendants, was general manager of a farming business conducted by a firm composed of himself and of the other defendants, and as such had authority to make and did make a certain contract in writing (a copy of which was attached to the petition), selling to Arline and Mason 100 bales of cotton

at the price of 7.43 cents per pound, and that "though the contract does not specify the weight of said bales of cotton, they were to weigh 500 pounds each;" that at the execution of the contract the parties contemplated an actual delivery of the cotton in compliance with the terms of the contract; that Arline and Mason, for a valuable consideration, made a written assignment of the contract to the plaintiffs; and that the defendants failed and refused to carry out the contract or any part of it, though the plaintiffs offered to pay them the price agreed upon, and demanded delivery in the terms of the contract; that at the date agreed for the delivery of the cotton, cotton was selling in the market for 10 cents per pound; and that by reason of the refusal on the part of the defendants to comply with the contract the plaintiffs were damaged in the sum of $1,285. The contract attached to the petition was as follows: "Wrightsville, Ga., July 1st.

"We have this day sold through . . . to Mess. Arline & Mason of Wrightsville . . bales of compressed cotton free on board ship at Savannah, Ga., viz. one hundred bales of cotton
to be delivered September,      Bales . . . . . . at 7.43
October and November      Bales a . . . . . at
Shipment September, October, and November.

"This sale is made subject to Liverpool classification and the rules of the Savannah Cotton Exchange, with the following modifications, viz.: Cotton to be taken Deep Creek Landing, deducting freight and compressing, this sale is made on basis mid. If we so desire, we can have said cotton to be ginned on the round bale gins at the Wrightsville Gin and Cotton Co., and said price to be 7.93 in Savh. on basis middling.

"It is agreed that any differences or disputes which may arise shall be settled by arbitration as provided by said rules.
. . . . . . Broker.      E. M. Redwine, Mangr.,
of Wrightsville, Ga."

*W. T. Martin* and *J. L. Kent*, for plaintiffs.
*Daley & Bussey*, for defendants.

LAMAR, J. The written contract of sale refers to square and round bales, but is silent as to the weight of either form, or as to the customary meaning of the term. If nothing more appeared, it might be that evidence could have been introduced to show what

was the standard weight and trade meaning of square bale and round bale. Pol. Code, § 1 (4); Civil Code, § 3675 (2). But the petition shows that the parties themselves agreed that the bales should be of a particular weight. It therefore appears that there was a parol agreement, when the law requires that the contract of sale shall be in writing (Civil Code, § 2693, par. 7); by which it of course means the entire contract, with all stipulations and provisions which have been assented to by the parties at the time of the sale. Where some of the terms are in writing and others in parol, the requirements of the statute are not met; and the court rightly sustained the demurrer. See *Turner* v. *Lorillard Co.*, 100 *Ga.* 645.

*Judgment affirmed. By five Justices.*