NEW YORK LIFE INSURANCE COMPANY v. GUS D. THOMAS.

Decided June 26, 1907.

**1.—Written Instrument—Varying—Independent Parol Agreement.**

When an independent parol agreement has been made as an inducement to the making of a written contract, the former may be proved and enforced though not referred to in the latter.

**2.—Same.**

Plaintiff, residing in Denver, made a written contract with defendant to take charge, as agent, of its office in Newark, New Jersey. Held, that he could recover upon a parol agreement to pay the expenses of removing his family from Denver to Newark, if he would take such employment.

Error from the County Court of Dallas County. Tried below before Hon. Hiram F. Lively.

*James H. McIntosh,* and *Locke & Locke,* for plaintiff in error.— Cited: Rockmore v. Davenport, 14 Texas, 602; Self v. King, 28 Texas, 552; Belcher v. Mulhall, 57 Texas, 17; Lynch v. Ortlieb, 70 Texas, 727; Weaver v. Gainesville, 1 Texas Civ. App., 288; McFarland v. McGill, 16 Texas Civ. App., 299; Texas & P. Coal Co. v. Lawson, 10 Texas Civ. App., 491; Faires v. Cockerell, 88 Texas, 428; Rapid Transit Ry. Co. v. Smith, 98 Texas, 553; Southwestern Tel. & Tel. Co. v. Paris, 87 S. W. Rep., 724.

*Etheridge & Baker,* and *H. E. Jackson,* for defendant in error.— Cited: Downey v. Hatter, 48 S. W. Rep., 33; Martin v. Rotan Grocery Co., 66 S. W. Rep., 212; Peel v. Geison, 21 Texas Civ. App., 334; Pishkos v. Wortek, 4 Texas App. Civ., 525; Ackerman v. Brunden, 1 White & Willson, 1306; 2 Abbott's Trial Evidence, 649; Wharton, Evidence, sec. 1027; 2 Page on Contracts, 1854; 1 Greenleaf, Evidence, sec. 284; Thomas v. Hammond, 47 Texas, 42; James v. King, 2 White & Willson, sec. 544; Peel v. Geison, 21 Texas Civ. App., 334; Hansen v. Yturria, 48 S. W. Rep., 795; Henry v. McCardelle, 15 Texas Civ. App., 499.

KEY, ASSOCIATE JUSTICE.—In this suit the plaintiff recovered a judgment for $369.90, as the amount expended by him in moving his family from Denver, Colorado, to Newark, New Jersey, and the defendant has brought the case up on writ of error.

The undisputed testimony shows that while the plaintiff and his family were residing at Denver, Colorado, he went to the city of New York, and there entered into a written contract with the defendant by which he was employed to take charge of an office and act as agent for the defendant at Newark, N. J. That contract made no reference to the expense of moving the plaintiff's family, and did not obligate the defendant to pay such expense; but the plaintiff alleged in his petition that, as an inducement to and in consideration of his surrendering his employment as agent of another insurance company at Denver, Colorado, and removing to Newark, New Jersey, and entering the defendant's employment, the

defendant promised to pay the expense of moving the plaintiff's family from Denver to Newark.

The defendant answered by general denial. The case is presented in this court on but one assignment of error, which asserts that the trial court committed error in not giving a requested charge directing a verdict for the defendant. The plaintiff while on the stand as a witness, gave testimony to the effect that the promise was made, as alleged, and his evidence tended to support all the material averments in his petition. When it was developed that the plaintiff's contract of employment with the defendant had been reduced to writing the defendant objected to his oral testimony about the defendant's manager promising to pay the expense of the removal of his family, upon the ground that it tended to vary and add to the written contract. The court overruled the objection and submitted the case to the jury upon the theory set up in the plaintiff's petition.

It is a settled rule of law that one contract may be the consideration of another, the inducement to the execution thereof, and where an independent parol agreement has been made as an inducement to the making of a written contract, the former may be proved and enforced, though not referred to in the latter. (Downey v. Hatter, 48 S. W. Rep., 33; Martin v. Rotan Grocery Co., 66 S. W. Rep., 212; 1 Greenl. Ev., sec. 284; Wharton Ev., sec. 1027.)

There was evidence submitted which authorized the court to submit the case to the jury, and justified the refusal of the peremptory instruction to find for the defendant.

Whether or not the case was properly decided by the jury we are not called upon to say, because, as before said, the only assignment of error presented to this court is the one complaining of the refusal to instruct a verdict for the defendant.

No reversible error has been pointed out and the judgment is affirmed.

*Affirmed.*