13813. STAPLETON *v.* MUSCOGEE GUANO COMPANY.

The requirement of the statute of frauds, that all the material terms of a contract for the sale of goods worth more than $50 must be in writing, was not complied with in a written acknowledgment of an oral order for a stated number of tons of merchandise, the price of which and the time for delivery of which were stated in the oral order but not in the written acknowledgment.

Under the pleadings and the evidence, the court did not err in directing a verdict in favor of the plaintiff for the full amount sued for.

DECIDED NOVEMBER 14, 1922.

Complaint; from Webster superior court — Judge Littlejohn. June 5, 1922.

*J. F. Souter,* for plaintiff in error.

*Battle, Arnold & Battle,* contra.

BROYLES, C. J. This is a suit by the Muscogee Guano Company against R. L. Stapleton upon a promissory note representing the purchase-price of certain fertilizer specified in the note. Stapleton filed an answer, in which he admitted the execution of the note and service of notice of attorney's fees, but denied the indebtedness, and set up by way of special plea a counterclaim for damages resulting from an alleged breach of contract on the part of the plaintiff to deliver to him certain other fertilizer not mentioned in the note sued upon, but independent thereof. The plaintiff, as a defense to the counterclaim, interposed a special plea claiming the benefit of the statute of frauds. The case proceeded to trial upon the issues thus made, and the testimony of Stapleton himself showed conclusively that he signed the note sued upon, received all the fertilizer mentioned therein, and agreed to pay the price stated in the note, and that the only writing concerning the collateral or independent contract which· formed the basis of his counterclaim was a written acknowledgment by the plaintiff of a verbal order given by him (Stapleton) in January, 1920, to the president of the guano company for 15 tons of nitrate of soda at the price of $77 per ton, to be delivered during the months of February, April, or May, 1920. The written acknowledgment was as follows:

" We have this day entered your order No. — of Jan. 16, 1920, for shipment to R. L. Stapleton, Weston, Ga.

Charge to acc't of:                              Order

M    Above. . . . . . . . . . No. 137.

Via    Car No.    Freight    To be shipped· from

| Bags | Tons · | Brand | |
|------|--------|-------|---|
| 150 | 15 | Nitrate Soda "200 bag Ship at once | |

which will have our prompt attention. Please report any discrepancy at once. Thanking you for same.

(Signed)  Muscogee Guano Company,

per Slaughter."

Conceding (but not deciding) that the verbal order and the written acknowledgment thereof were sufficient to constitute a

contract (see, however, in this connection *Evans* v. *Atlanta Paper Co.,* 21 *Ga. App.* 117 (93 S. E. 1023), and citations), the evidence demanded a finding that the contract was for the purchase of fertilizer amounting to more than $50 in value, and therefore it was within the purview of the statute of frauds. "All the material terms of a contract for the sale of goods worth more than $50 must be in writing signed by the party to be charged therewith." *Stewart* v. *Cook,* 118 *Ga.* 541 (1) (45 S. E. 398). In the instant case the material terms of the contract which were not reduced to writing were (1) the purchase-price of the fertilizer ordered, and (2) the time of delivery. It is true that where a written contract is silent as to the price, parol evidence might be admissible to show a reasonable price of the goods sold, but this cannot be done where, as in the instant case, the parties themselves had agreed upon the price. *Stewart* v. *Cook,* supra. It appearing, from uncontradicted evidence, that there was a parol agreement as to two material terms of the contract which were never reduced to writing, and the law requiring that the contract of sale shall be in writing (Civil Code of 1910, § 3222 (7) ), by which is meant that *all* the material terms of the contract shall be in writing (*Stewart* v. *Cook,* supra.), the requirements of the statute were not met (*Turner* v. *Lorillard Co.,* 100 *Ga.* 645, 28 S. E. 383, 62 Am. St. R. 345), and, there being no such part performance of the contract as would bring it within the exceptions stated in the Civil Code (1910), § 3223 (2, 3), the court did not err in directing a verdict in favor of the plaintiff for the full amount sued for.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*