### 16215.  THOMPSON *v.* COLONIAL TRUST COMPANY.

STEPHENS, J.  1. A contract for the sale of land, which is partly in
writing and partly in parol, is not enforceable, by reason of the statute
of frauds.  Civil Code (1910), § 3222 (4).  *Lester* v. *Heidt,* 86 *Ga.*
226 (12 S. E. 214, 10 L. R. A. 108).

2. Where, by the terms of a contract for the sale of land, it is provided
in writing that the purchase price of $2,400 is to be paid "five hundred
cash, assume loan bal. at $25.00 per month," and it is provided by
parol that the said loan to be assumed is to be for the principal sum
of $1,000 at seven per cent. interest, payable semiannually, maturing
five years from date, and that the $25 monthly payments are to be
evidenced by promissory notes bearing interest from date at the rate

---

Frauds, Statute of, 27 C. J. p. 268, n. 59; p. 277, n. 58, 60; p. 279, n.
80, 85; p. 378, n. 8 New.

of seven per cent. per annum, which parol agreement and understanding was inadvertently omitted from the contract of sale as written, such contract, being partly in writing and partly in parol, is, by reason of the statute of frauds, unenforceable.

3. In a suit upon such a contract by the purchaser against the seller, to recover for an alleged breach thereof by the defendant in failing to comply with the obligation to sell, a demurrer to the petition, upon the ground that the contract was unenforceable under the statute of frauds, was properly sustained.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 13, 1926.

Action for breach of contract; from Fulton superior court— Judge Humphries.    December 8, 1924.

*W. W. Gaines,* for plaintiff.

*George P. Whitman,* for defendant.