19902.  Boston Insurance Company *v.* Burch & Brothers.

Broyles, C. J.  1. "The general rule is that parol evidence is not admissible to add to, take from, or vary a written contract. . . The rule which permits parol proof in case of apparent incompleteness in written statements of the obligations of the parties, *denies parol proof, variant from the written terms, which imposes additional and other terms dependent upon a prior or contemporaneous parol agreement. . .* All previous negotiations are merged in the subsequent written contract, *and an additional obligation can not be grafted thereon by parol testimony."* (Italics ours.)  *Roberts* v. *Investors Savings Co.,* 154 *Ga.* 45 (1, 4, 5) (113 S. E. 398). The cases cited in the brief of counsel for the plaintiff in error are distinguished by their particular facts from the instant case.

2. Under the above-stated ruling and the facts of this case, the court did not err in striking out the parol proof, as alleged in the bill of exceptions.

(*a*) The ruling out of the parol evidence by the judge was not in conflict with his previous holding overruling the demurrer to the answer. The written statement that constituted the agreement between the parties was not set forth either in the petition, the answer, or the demurrer to the answer, and the ruling on the demurrer did not adjudicate the question as to the right of the defendant to introduce *parol evidence* to vary the terms of the written agreement.

3. Under the evidence adduced, the direction of a verdict in favor of the plaintiff was not error.

    *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

    Decided November 13, 1929:

 

*Connerat & Hunter, B. B. Cubbedge,* for plaintiff in error.
*Hitch, Denmark & Lovett,* contra.