22169. INDIANA TRUCK CORPORATION *et al. v.* GLOCK.

SUTTON, J. It is true that a prior or contemporaneous parol agreement, which contradicts, varies, or otherwise modifies a written agreement between the same parties and pertaining to the same subject-matter, is merged into the written agreement; and that where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, be conclusively presumed that the writing contains the entire contract. *Bullard* v. *Brewer*, 118 *Ga.* 918 (45 S. E. 711); *LaGrange Female College* v. *Cary*, 168 *Ga.* 291 (147 S. E. 390);

*Smith* v. *Loftis,* 43 *Ga. App.* 354 (158 S. E. 768). However, all prior or contemporaneous parol agreements between the same parties are not necessarily merged into the written contract. A distinct collateral oral agreement, not inconsistent with the written one, is not so merged. 13 C. J. 593, § 616. It is a well-settled rule that one contract may be the consideration of another, the inducement to the execution thereof; and where an independent parol agreement has been made as the inducement to the making of a written contract, the former may be proved and enforced, though not referred to in the latter. New York Life Ins. Co. *v.* Thomas, 47 Tex. Civ. App. 149 (104 S. W. 1074); Cullmans *v.* Lindsay, 114 Pa. 166 (6 Atl. 332); Juniata Bldg. Asso. *v.* Hetzel, 103 Pa. 507; Allen *v.* Herrick Hardware Co., 55 Tex. Civ. App. 249 (118 S. W. 1157); Downey *v.* Hatter (Tex.), 48 S. W. 32, 36; Bonney *v.* Morrill, 57 Me. 368; Brown *v.* Hobbs, 147 N. C. 73 (60 S. E. 716).

2. This case is in this court on demurrer, and from the allegations of the petition it appears that the oral agreement sued on is based upon a separate and distinct understanding between the parties, and no attempt is made to contradict or vary the terms of the written contract, and the oral agreement is not inconsistent with the written one. The terms of the oral agreement were, that, in consideration of the act of the plaintiff in signing the written contract of employment with the Indiana Truck Corporation of Georgia, this corporation and the Indiana Truck Corporation, which owned, managed, and directed the affairs of the Georgia corporation, agreed to pay to the plaintiff a sum equivalent to one per cent. of the gross sales of said corporations in their southern territory. The only connection between the two contracts is that the written one must be performed, to ascertain the amount the plaintiff is to receive under the oral agreement. The contract sued on was between two corporations and the plaintiff, and these corporations partly performed the same by paying to the plaintiff this one per cent. of the gross sales for one year. In these circumstances, we think that the trial court properly overruled the demurrers of the defendants to the petition.

*Judgment affirmed. Broyles, C. J., and Stephens, J., concur.*

DECIDED FEBRUARY 18, 1933.

*Paul S. Etheridge & Sons, Morgan S. Belser,* for plaintiff in error.

*Hewlett & Dennis, Alexander Bush,* contra.