### BRINSON *et al. v.* FRANKLIN.

GILBERT, J.  1. The validity of a parol contract is not affected by the fact that the same parties entered into a separate contemporaneous written contract, unless the former tends to contradict or vary the terms of the latter.

2. "A partnership may be created either by written or parol contract, or it may arise from a joint ownership, use, and enjoyment of the profits of undivided property."  Civil Code (1910), § 3155.

3. "As among partners, the extent of the partnership is determined by the contract and their several interests.  As to third persons, all are liable, not only to the extent of their interests in the partnership property, but also to the whole extent of their separate property." Civil Code (1910), § 3156.

4. Where the business of a copartnership entails loss, the liability of members is to creditors only, until the debts or some part is paid by a partner or partners.  In the latter event the right of contribution arises. Civil Code (1910), § 4588.  Where, in such a case, no part of the co-

728

partnership debts has been paid, no right of contribution arises, and no right to set off partnership liabilities against a suit on a note by one of the partners against the other partners. Therefore the court did not err in dismissing the plaintiffs' petition on general demurrer.

5. It is alleged that "petitioners jointly contributed to the partnership from their own funds $180," but there are no other allegations which can be construed together with this allegation, that would authorize a court of equity to assume jurisdiction for purposes of a copartnership accounting or other relief.          *Judgment affirmed. All the Justices concur.*

No. 9677. OCTOBER 10, 1933.

*A. S. Bradley* and *P. W. Bradley,* for plaintiffs.

*J. Alex. Smith & Sons,* for defendant.