STONECYPHER *v.* GEORGIA POWER COMPANY.

No. 11371.   NOVEMBER 18, 1936.
ADHERED TO ON REHEARING, DECEMBER 12, 1936.

Russell, C. J., and Atkinson and Hutcheson, JJ., being disqualified, Judges Knox, Graham, and Rourke were designated for this case.

*Owen & Gross* and *Wheeler & Kenyon,* for plaintiff.

*Colquitt, MacDougald, Troutman & Arkwright, Erwin, Erwin & Nix,* and *C. M. McClure,* for defendant.

KNOX, Judge. ■ The rule of law that the terms of a valid written agreement, which is complete and the terms of which are not ambiguous, can not be contradicted, added to, altered, or varied by parol agreements, is a settled legal proposition. It was well established at common law, and has been embodied in the statutory law of this State. It has also been consistently followed with approval by the courts of last resort in this and other jurisdictions. The purpose of the rule is to establish the finality of written contracts, and its wisdom is not a debatable question. As stated in one of the earlier decisions, it is "pure pedantry to cite authority in support of this legal principle," but the different phases of the subject have been treated with considerable elaboration in the following decisions: *Robson* v. *Harwell,* 6 *Ga.* 589, 612; *Bostwick* v. *Duncan,* 60 *Ga.* 383, 387; *Sullivan* v. *Cotton States Life Ins. Co.,* 43 *Ga.* 423, 427; *Weaver* v. *Stoner,* 114 *Ga.* 165, 167 (39 S. E. 874); *Bush* v. *Rogan,* 65 *Ga.* 320 (38 Am. R. 785); *Brosseau* v. *Jacobs' Pharmacy Co.,* 148 *Ga.* 651 (98 S. E. 79); *Roberts* v. *Investors Saving Co.,* 154 *Ga.* 45 (113 S. E. 398); *Seitz* v. Brewers Co., 141 U. S. 510, 517 (12 Sup. Ct. 46, 35 L. ed. 837). See Code, §§ 20-704, 38-501; 22 C. J. 1380. There is, however, a line of decisions in which parties have been permitted to establish and enforce contemporaneous oral agreements relating to and made in connection with written contracts. *Brinson* v. *Franklin,* 177 *Ga.* 727 (171 S. E. 287); *Indiana Truck Cor.* v. *Glock,* 46 *Ga. App.* 520 (168 S. E. 124); New York Life Ins. Co. *v.* Thomas, 47 Tex. Civ. App. 149 (104 S. W. 1074); Cullmans *v.* Lindsay, 114 Pa. 166 (6 Atl. 332); Bonney *v.* Morrill, 57 Me. 368; Brown *v.* Hobbs, 147 N. C. 73 (60 S. E. 716). It is therefore necessary to differentiate between these two classes of decisions, and to determine whether the oral agreement set forth in the first question comes within the class that will be enforced, or is to be classified with those cases which the courts have held invalid. An examination of the statement of facts contained in the first question discloses that the deed and oral agreement described therein constitute parts of the same contract. It also discloses that the grantee in the deed is obligated to purchase

from the grantor an adjoining tract of land for an additional sum of money. This imposes upon the grantee an additional affirmative obligation, which is equivalent to engrafting upon the deed a new condition or additional covenant. In other words, it varies the terms of the deed. It therefore appears that the contemporaneous agreement not only constitutes a part of the same contract as the deed, but that it also varies the terms of the written one. It follows that the enforcement of the oral agreement would be violative of the rule of law that parol agreements can not contradict, add to, vary, or alter the terms of a valid written contract. The first question is answered in the affirmative.

■ The statute of frauds (Code, § 20-401) requires all contracts coming within its operation to be reduced to writing. In construing this provision it has been held that every essential element of the contract must be expressed in writing, in order to comply with the statutory requirements. *Tippins* v. *Phillips,* 123 *Ga.* 415, 417 (51 S. E. 410) ; *Hamby* v. *Truitt,* 14 *Ga. App.* 515 (3) (81 S. E. 593). A contract for the sale of land is one of the contracts coming within the operation of the statute of frauds, and must therefore be executed with the exactness and particularity required by its provisions. In such contracts a description of the land conveyed is one of the essential elements of the agreement, and must be expressed in writing. *Tippins* v. *Phillips,* supra; *Colley* v. *A. & W. P. R. Co.,* 156 *Ga.* 43 (118 S. E. 712) ; *Rhyne* v. *Mayhugh,* 156 *Ga.* 243 (119 S. E. 522) ; *Douglass* v. *Bunn,* 110 *Ga.* 159 (35 S. E. 339) ; *Gatins* v. *Angier,* 104 *Ga.* 386 (30 S. E. 876). And where the parties have agreed upon the purchase-price, it must be set out in the written agreement, and can not be shown by parol. *Turner* v. *Lorillard Co.,* 100 *Ga.* 645 (28 S. E. 383, 62 Am. St. R. 345) ; *Kinderlund* v. *Kirk,* 131 *Ga.* 454 (62 S. E. 582) ; *Corbin* v. *Burden,* 126 *Ga.* 429 (55 S. E. 30) ; *Stapleton* v. *Muscogee Guano Co.,* 29 *Ga. App.* 199 (114 S. E. 906). It is therefore clear that a contract involving the purchase and sale of land, that has been partly reduced to writing and partly rests in parol, does not meet the requirement of the statute, and is incapable of enforcement. *Lester* v. *Heidt,* 86 *Ga.* 226 (12 S. E. 214, 10 L. R. A. 108) ; *Augusta Southern R. Co.* v. *Smith & Kilby Co.,* 106 *Ga.* 864 (33 S. E. 28) ; *Timmons* v. *Bostwick,* 141 *Ga.* 713 (82 S. E. 29) ; *Peacock* v. *Horne,* 159 *Ga.* 707

(126 S. E. 813); *Thompson* v. *Colonial Trust Co.*, 35 *Ga. App.* 12 (131 S. E. 921); *Jackson* v. *Strowger Automatic Telephone Exchange*, 108 *Ga.* 646 (34 S. E. 207).

The contract set forth in the second question is a contract for the sale of land, that has been partly reduced to writing and partly rests in parol. This being true, it comes squarely within the rulings expressed in the above-cited decisions, and can not be enforced, unless the circumstances of the transaction bring it within the exceptions to the general rule set forth in the statute. These exceptions are three in number, and are enumerated under section 20-402 of the Code, as follows: (1) When the contract has been fully executed. (2) Where there has been performance on one side, accepted by the other, in accordance with the contract. (3) Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance. The contract as a whole, not having been fully executed, does not come within the first exception, and therefore it is necessary to determine whether there has been such part performance of the contract as is contemplated by either of the other two exceptions. The written portion of the contract, which consists only of a deed, has been fully executed, but there is nothing in the statement of facts set forth in the question to indicate any act on the part of either of the parties that would constitute even part performance of the oral portion. Therefore, unless the fact that the written portion of the contract has been fully executed can be construed as such part performance of the contract in its entirety as demands full performance of both agreements, there is in fact no such part performance. To do this it is necessary to connect in some way the written portion of the contract with the oral portion. This can not be done by reference to the deed, for this instrument makes no reference to the oral agreement and contains no suggestion or indication that any such agreement is in existence. On the contrary this instrument indicates that it represents a completed transaction, since the consideration named in the deed has been paid and the grantee has gone into possession of the land it conveys. This being true, the oral agreement could be connected with the deed only by a resort to parol testimony. In fact the oral agreement could not be established except by aid of such testimony. Parol testimony

is not admissible for this purpose. In *Lester* v. *Heidt,* supra, this court held that different writings could not be correlated and connected by parol testimony, citing with approval *North* v. *Mendel,* 73 *Ga.* 400 (54 Am. R. 879), and saying: "If parol evidence is incompetent to supply the connecting link between two writings, much more is it incompetent to supply some of the chain of the contract itself, though there may be a written link by which to attach it to that portion of the chain which the writing covers." The use of parol testimony being necessary both to establish the oral agreement and to connect it with the written portion of the contract, and not being admissible for either purpose, it necessarily follows that the oral agreement can not be established or enforced. To hold otherwise would destroy the foundation upon which the statute of frauds rests, and would defeat the purpose for which it is intended. It would open wide the door of fraud which the statute seeks to close, and in contracts coming under the operation of the statute would render uncertain that which is now final. The second question is answered in the affirmative.

3. A suit for damages for breach of an oral agreement relating to the sale of land can not be maintained under the statement of facts certified in the third question. It is true that as between the parties to the contract the consideration of a deed can generally be inquired into whenever the principles of justice require it. This is always true, if the consideration is expressed in the instrument merely by way of recital, and not in such a manner as to make it one of the terms and conditions of the deed. And where the consideration is expressed only by way of recital, it is permissible to show by parol testimony that the true consideration is in fact different from that expressed in the deed. *Anderson* v. *Brown,* 72 *Ga.* 713; *Burke* v. *Napier,* 106 *Ga.* 327 (32 S. E. 134); *Camp* v. *Matthews,* 143 *Ga.* 393 (85 S. E. 196); *Simmons* v. *International Harvester Co.,* 22 *Ga. App.* 358 (2) (96 S. E. 9). However, one of the parties to a deed can not, under the guise of inquiring into its consideration, alter the terms of the instrument; and where proof of a consideration different from the one expressed would have the effect of altering the terms and conditions imposed by the deed, it is not permissible to set up by parol another and different consideration for the purpose of showing a failure of the latter. *Atkinson* v. *Lanier,* 69 *Ga.* 460 (2); *Well-*

*maker* v. *Wheatley,* 123 *Ga.* 201 (51 S. E. 436) ; *Goette* v. *Sutton,* 128 *Ga.* 179 (57 S. E. 308) ; *Thrower* v. *Baker,* 144 *Ga.* 372 (87 S. E. 301) ; *Simmons* v. *International Harvester Co.,* supra. In this connection it may be contended, inasmuch as the oral agreement does not actually alter the terms of the ·deed or place any limitations upon the use and enjoyment of the land conveyed therein, that the terms of the deed are therefore neither varied nor contradicted. There is no merit in this contention, for the reason that the enforcement of the oral agreement would impose an additional affirmative obligation upon the grantee in the deed by forcing him to purchase another tract of land and to expend another sum of money. It is clear that the terms of a deed will be just as completely and effectually varied by imposing an obligation of this nature upon one of the parties to the instrument as it will by actually altering its terms. *North Georgia Lumber Co.* v. *Lawson,* 40 *Ga. App.* 680 (150 S. E. 865) ; *Boston Ins. Co.* v. *Burch,* 40 *Ga. App.* 517 (150 S. E. 458) ; *Champion Mfg. Co.* v. *Crandall,* 16 *Ga. App.* 536 (85 S. E. 673) ; Grammer S. S. Co. *v.* James Richardson, 37 Fed. (2d) 366 (9), 370. Probably the clearest exposition of this proposition is found in Watkins Salt Co. *v.* Mulkey, 225 Fed. 739, 740, in which the Circuit Court of Appeals said : " Counsel for plaintiffs seek to justify the admission of the evidence upon the plea that the parol contract really constituted a part of the consideration of the written agreement of August 2nd, 1912, and that the matter of consideration is always open to inquiry by parol and capable of oral proof as to just what it may be. It is true that for some purposes parol evidence can be introduced to explain or amplify the consideration recited in a written contract; but this exception to the general rule does not permit proof of an oral agreement for the purpose of imposing an affirmative obligation on· one of the parties of which there is no indication or suggestion in the written contract." The third question is answered in the negative. *All the Justices concur.*