LANGENBACK *et al. v.* MAYS *et al; et vice versa.*

Nos. 16695, 16714. JULY 14, 1949. REHEARING DENIED JULY 27, 1949.

710

*M. C. Barwick,* for plaintiffs.
*Q. L. Bryant* and *W. Wright Abbot,* for defendants.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) ██ Parol evidence is inadmissible to add to, take from, or vary a written contract. The attendant circumstances surrounding its execution, ambiguities, and the verbal portion of a contract which is in writing only in part may be shown by parol. Code, § 20-704 (1). The facts here alleged do not come within the operation of this rule, in that the verbal agreement alleged is an independent and complete contract within itself and forms no part of the written contract. Neither does it alter in any respect the writing. It is collateral to, independent of, and distinct from the written contract. Though it be designated as a collateral contemporaneous agreement between the parties, its independence and its lack of inconsistency with the written contract cause it not to become merged with the written contract. *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199, 211 (37 S. E. 485) ; *Brinson* v. *Franklin,* 177 *Ga.* 727 (1) (171 S. E. 287) ; *Indiana Truck Corp.* v. *Glock,* 46 *Ga. App.* 519 (1) (168 S. E. 124) ; *Neuhoff* v. *Swift & Co.,* 54 *Ga. App.* 651 (2-a, b) (188 S. E. 831). See also *Cottle* v. *Tomlinson,* 192 *Ga.* 704, 712 (16 S. E. 2d, 555) ; 20 Am. Jur. 992, § 1140; 32 C. J. S. 970, § 997. This rule was recognized in *Stonecypher* v. *Georgia Power Co.,* 183 *Ga.* 498 (189 S. E. 13), although holding that the oral agreement there fell under the Code, § 20-704 (1). The written contract in the present case was sufficient consideration to support the verbal agreement. *Spier* v. *Lambdin,* 45 *Ga.* 320. It follows that the oral agreement is a valid contract as against the attack upon the ground that it seeks to add to, take from, or vary the terms of the written contract, and that it is without consideration.

██ The statute of frauds is not, as contended in one ground of general demurrer, applicable here for the assigned reason that it was not alleged that it was to be performed within the space of one year. It is shown by the petition as amended that the agreement to enter into the written contract was promptly and fully performed by the petitioners and such performance accepted by the defendants, thus meeting the requirements of the Code, § 20-402 (2).

██ Where it is alleged that the defendants began in January, 1948, to violate their agreement not to compete in the renting of tourist cabins, and the present petition was filed in August,

1948, it could not be said as a matter of law that the petitioners were guilty of laches in not instituting the present action sooner, as contended in one ground of general demurrer.

In one ground of general demurrer it is urged that the oral agreement relied upon is too vague and indefinite to be enforceable, in that it fails to set out definitely the portion of the defendants' adjoining property embraced in such agreement. The petition as amended alleged that the property purchased was cut from a tract of land owned and occupied by the defendants, and that, adjacent to the property so purchased, the defendants operate a store, filling station, and cafe. It then alleges that, "Without the good will of the business and the lack of competition in the territory immediately adjacent to this property and upon the remaining land occupied by the defendants, the plaintiffs would not have purchased the property at any price, and the sellers were so informed. As an inducement to get the plaintiffs to buy this property and business for the monetary consideration named, the defendants orally agreed that they would not again carry on the business of renting tourist cabins in the area named in competition with the plaintiffs so that the only tourist-camp business in the immediate vicinity would be that purchased by the plaintiffs." The words, "in the area named," obviously refer to the preceding words, "territory immediately adjacent to this property and upon the remaining land occupied by the defendants," and sufficiently identified the area in which the defendants were not to compete in renting tourist cabins.

The defendants in error concede that, if, as determined by this court, the trial judge did not pass upon the special demurrers their cross-bill of exceptions should not be considered, and, accordingly, it is dismissed.

*Judgment reversed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur, except Wyatt, J., who dissents from the judgment on the main bill.*