### 52277. J. L. WILLIAMS & COMPANY, INC. v. WEST CONCRETE COMPANY.

CLARK, Judge.

On July 12, 1972, plaintiff, West Concrete Company, and defendant, J. L. Williams & Company, Inc., entered into a written agreement for plaintiff to provide labor and materials at a construction site upon which defendant was the general contractor. With regard to the time of completion of the contract, the agreement simply read: "In accordance with your [the general contractor's] job schedule."

The evidence shows that defendant's job schedule called for completion of construction by July 1, 1973. But in October of that year, the parties were still on the job. Discussions between the parties took place after July 1 concerning the wage costs to plaintiff as a result of the failure to complete construction as scheduled.

On October 25, 1973, the parties met to discuss plaintiff's cost overruns. At that meeting defendant orally agreed to pay plaintiff's payroll costs after July 1, 1973, provided plaintiff submitted those costs to defendant.

On the next day, October 26, plaintiff, through its president, executed a partial lien waiver and an affidavit. This is standard practice in the construction industry with the purpose of enabling the owner to make payments for labor and materials, releasing the owner and the property from liens. As is customary the waiver read in part: "The undersigned, for good and valuable consideration, the receipt whereof is hereby acknowledged, does hereby waive and release any and all lien or claim or right of lien under the Statutes of the State of Georgia relating to Mechanic's liens on the above described premises and improvements thereon, and on the monies or other considerations due or to become due

from the owner, on account of labor or services, material, fixtures or apparatus heretofore furnished to this date by the undersigned for the above described premises."

The affidavit likewise used standard verbiage stating: "That all waivers are true, correct and genuine and delivered unconditionally and that there is no claim either legal or equitable to defeat the validity of said waivers . . . That there are no other contracts for said work outstanding, and that there is nothing due or to become due to any person from material, labor or other work of any kind done or to be done upon or in connection with said work other than the above stated."

Four days later, on October 29, 1973, plaintiff and defendant entered into a change order agreement, the substance of which had also been discussed at the October 25th meeting. This agreement reads, in part: "The following deductive and additive items are a summation of all extra work performed by West Concrete Co. or by J. L. Williams in behalf of West Concrete as of 10-25-73 . . ." The list of items shows various deductions in the original contract price for work performed by companies other than plaintiff and an addition to the original contract price for work performed by plaintiff which was not included in the original contract. This list did not include plaintiff's payroll overruns after July 1, 1973.

Thereafter, plaintiff submitted its payroll records to defendant pursuant to their oral agreement. The records showed that from July 1, 1973 through October 16, 1973, plaintiff paid $12,064.10 for gross wages. Defendant refused to pay this amount.

Plaintiff sued defendant seeking damages for breach of the oral agreement and claimed a total of $43,671.57 as additional costs for the project. The court, sitting without a jury, found in favor of plaintiff and entered judgment against defendant in the amount of $12,064.10. This appeal followed.

1. Defendant contends the oral agreement cannot stand in the face of the express language of the subsequent written change order. We disagree. The trial court was authorized to find that (1) the oral agreement was a separate and distinct collateral agreement which did not vary the terms of the written contract and that

(2) the oral agreement did not merge into the writing. "The validity of a parol contract is not affected by the fact that the same parties entered into a separate contemporaneous written contract, unless the former tends to contradict or vary the terms of the latter." *Brinson v. Franklin,* 177 Ga. 727 (1) (171 SE 287).

2. Defendant contends that the oral agreement is not enforceable because it is contradicted by plaintiff's waiver of lien and affidavit. We cannot accept this contention as there is no contradiction. The waiver of lien waived plaintiff's lien rights vis-a-vis the owner, not the general contractor. The defendant was not a party to that instrument. Moveover, while the language in the waiver and affidavit might cast doubt upon the separate and collateral existence of the oral contract, it is merely of evidentiary value. It does not preclude the existence of the oral agreement. Compare *R. S. Helms, Inc. v. GST Development Co.,* 135 Ga. App. 845 (219 SE2d 458).

3. Defendant's contention that the written change order constituted an accord and satisfaction of the oral agreement is also without merit. The evidence presented a question of fact as to whether the change order was an accord and satisfaction and, if so, whether the parties intended to extinguish the oral agreement along with the various other claims. See *Pierson v. Herrington,* 138 Ga. App. 463. These issues were resolved against the defendant by the trier of fact.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED JUNE 7, 1976 — DECIDED JULY 2, 1976.

*Alston, Miller & Gaines, Ben F. Johnson, III, William L. Rothschild,* for appellant.
*Dock H. Davis,* for appellee.