*EX PARTE* SIMMS.

NEW ENGLAND &c. CO. v. KINARD.

1. SPECIAL MASTER—REFERENCE—SALES.—A Circuit Judge passed a consent order, referring the cause to a special master to take the testimony and report the same to the court, as the master for the county was disqualified. On the coming in of this report, a decree was proposed, directing a sale of the land, the subject of the suit, by such special master; whereupon the master intervened, and claimed that he was not now, and never had been, disqualified, and that he was entitled by law to make the sale. Upon inquiry, it was ascertained that the master was not now disqualified, and he

was directed to make this sale. *Held*, that there was no error in considering the master's rights in this matter, nor in directing the sale to be made by him.

Only result concurred in.

Before TOWNSEND, J., Barnwell, July, 1894.

Appeal of W. Gilmore Simms from an order of sale in the case of the New England Mortgage Security Company against W. J. Kinard *et al.*

*Mr. W. H. Townsend*, for appellant.

*Mr. A. H. Patterson*, contra.

March 18, 1895. The opinion of the court was delivered by

MR. JUSTICE POPE. In order that the appeal herein may be correctly apprehended, it will be necessary to make a statement of matters that preceded the orders and judgment from which the appeal is entered.

The appellant, W. G. Simms, is the clerk of the Circuit Court for Barnwell County, in this State, while the respondent is the master for that county. At the March term, 1892, of the Court of Common Pleas for Barnwell, and when the action of The New England Mortgage Security Company, as plaintiff, against W. J. Kinard and James E. Davis, as defendants, was regularly called at that term, an order, of which the following is a copy, was passed, namely: "On motion of Messrs. Green and Sloan, plaintiff's attorneys, it is ordered, that it be referred to W. Gilmore Simms, clerk of this court, as special master (the master being disqualified), to take the testimony upon all of the issues raised by the pleadings in the above stated case, and that he report the same to this court. I. D. Witherspoon, presiding judge." In pursuance of this order, W. G. Simms, Esq., as special master, held a reference, took the testimony, and reported the same to the Court of Common Pleas. At the July term, 1894, of said court, the above named plaintiff, upon said report and the pleadings, applied to the court for a decree of foreclosure and sale. And in the proposed draft of decree inserted the name of Mr. Simms, as special master, as the

officer to make the sale. Mr. A. H. Patterson, the master for. Barnwell County, requested the presiding judge, Judge Townsend, to insert his name as the officer to make the said sale instead of Mr. Simms, as special master, claiming as a matter of right pertaining to his office, that he was the proper person to make the sale. The Circuit Judge reserved his decision on this point, but on the 2d day of August, 1892, filed the following order:

"The case comes before me on a motion to appoint the special master to sell the lands involved in the action. It is claimed that the master is disqualified by an order of Judge Witherspoon, passed in April, 1892. [This order has already been copied in this opinion.] The master contends that he was not disqualified at the date of said order, and that said order was passed without any facts upon which to base it; that it was one of several orders signed at the same time, and all drawn alike on a typewriter, in three of which he was disqualified, but that in this case he was qualified, and that this order was signed under a mistake or misapprehension. The master further contends that as W. G. Simms, Esq., has taken the testimony and reported the same, as directed by said order, his duties as special master are at an end in this case. The law is plain as to what is referred to the master; the trouble is caused by the said order. It is not appealed from; but then it must be remembered that the master, whom it affects mostly in its results, was not a party to the action, and could neither appeal from it nor move to set it aside. He would be equally powerless in any other cause, if the parties to the action should see fit to pass an order adjudging his disqualification. It becomes interesting, then, to find out what is his remedy in such cases. I shall not undertake to say whether Judge Witherspoon meant to adjudge the master disqualified generally, or only as to the taking of the testimony. I have before me two officers of the court, each contending that he should sell this land. I think the master is entitled to sell it, unless he is now disqualified. It is, therefore, ordered, adjudged, and decreed, that W. G. Simms, Esq., clerk of this court, show cause before the judge of the Second Circuit, at his chambers in Aiken, S. C., at 12

m., on the 10th day of August, 1894, or as soon thereafter as counsel can be heard, why it should not be referred to the master for Barnwell County to sell said land, and that Master A. Howard Patterson, Esq., be permitted to submit at said hearing such proofs in the form of affidavits or otherwise as he may be advised will tend to disprove the allegation of disqualification, or to establish his qualification to sell said land. It is further ordered, that a copy of this order be forthwith served upon W. G. Simms, Esq., and A. H. Patterson, Esq. It is further ordered, that on or after the filing of his decision by his honor, the judge of the Second Circuit, in the hearing before ordered, plaintiff's attorneys have leave to apply at chambers to the judge of said Circuit, for a judgment of foreclosure and sale, as prayed for. D. A. Townsend, presiding judge."

At the hearing before Judge Aldrich, in pursuance of the foregoing order, W. Gilmore Simms, Esq., as special master, in his return to the rules, showed for cause why A. H. Patterson, as master, was disqualified from making the sale: 1. That by the order of Judge Witherspoon, as presiding judge, said master had been adjudged disqualified to act in the cause, and the respondent had been appointed to act as special master in the cause. 2. That the order of Judge Witherspoon had not been appealed from, and that it is not competent for one Circuit Judge to review the order of another Circuit Judge. 3. That it is not competent for Mr. Patterson, as master, to intervene in this cause and question the appointment of the special master herein. 4. That by his appointment as special master, the respondent is clothed with all the powers of the master in this cause, and should be directed to make the sale under the decree of the court.

The matter was heard by Judge Aldrich on this return, and the affidavits submitted by Mr. Patterson. He decided that the order of Judge Townsend construed the order of Judge Witherspoon as directing Mr. Simms to take the testimony upon all the issues raised by the pleadings and report the same to the court, and Judge Aldrich holds that Mr. Simms has complied with that order. Judge Aldrich further construes the order of Judge Townsend as deciding that Judge Witherspoon's

order does not apply to or affect the sale of property, which sale the law requires to be made by the master, unless he is disqualified by law. Judge Aldrich then decides that the master is not disqualified from selling, under the testimony heard by him. He, therefore, made a decretal order, providing that the master, Mr. Patterson, should sell.

At the hearing before this court, all the parties to the action, and the attorneys for Mr. Simms, and Mr. Patterson himself, agreed to the following statement being added to the "Case," to wit: "The court having intimated a doubt as to whether the parties to the original action had not a right to be heard before Judge Aldrich in the proceedings under Judge Townsend's order, which order is one of the grounds of appeal, it is agreed that the following statement be added to the 'Case:' 1. The answer of the original defendants to the original suit was withdrawn, and the plaintiff applied for judgment, as stated in the Brief. 2. That plaintiff had notice of the filing of Judge Townsend's order, and waived the right of appearance before Judge Aldrich, and hereby consents that this court determine the questions raised by this appeal."

The following are the grounds of appeal presented by Mr. Simms: 1. That his honor, Judge Townsend, erred in making said order requiring W. Gilmore Simms, the appellant herein, to show cause before the Hon. James Aldrich, Circuit Judge, why it should not be referred to the master of Barnwell County to sell said lands: (a) Because, by the order of Judge Witherspoon, dated April 1st, 1892, said master was adjudged disqualified to act in this cause, and this appellant was appointed special master in this cause. (b) Because said order of Judge Witherspoon has not been appealed from, and the action of Judge Witherspoon in adjudging said master disqualified, and in appointing a special master, could not be reviewed by another Circuit Judge. (c) Because said master could not intervene and question the appointment of a special master in this cause. (d) Because, by virtue of his appointment as special master, the appellant is clothed with all the powers of master as to said cause, and should be directed to make the sale under the order of the court in this action. 2. That his honor, Judge

Townsend, erred in holding that the order of Judge Witherspoon did not appoint the appellant as special master generally, and vest him with all the powers of master as to this cause, but that his appointment as special master expired upon his taking and reporting the testimony in the case. 3. That his honor, Judge Aldrich, erred in holding that he could not consider the effect of Judge Witherspoon's order appointing this appellant special master in this cause.

If we have seemed to somewhat cumber the opinion of the court with quotations from the different orders which have entered into the cause while on Circuit, it may be explained that we have done so in gentle consideration for the two worthy court officials, who have differed in judgment as to a matter of principle, and not because of the small sum of money involved.

It may be profitable in this inquiry to determine the character of the order of Judge Witherspoon, which order is the basal rock upon which this contention is bottomed. When the plaintiff and the defendants had raised certain questions or issues of law and fact by their pleadings, and the action was called up regularly on its appropriate calendar by Judge Witherspoon, he was informed, in effect, by counsel, that they would not ask the Circuit Judge as a chancellor to hear the cause—that they wished an order of reference. Is not an order of reference, granted upon the pleadings and by consent, an *administrative* order? It in no wise adjudges the rights of parties. It is like a rule of survey or any other direction preparatory to trial. If it be purely an *administrative order*, then it may be altered by a succeeding judge upon good cause shown.

We apprehend, however, that these observations do not dispose of the matter to which appellant wishes our attention. On the contrary, the appellant greatly relies as the basis of his contention, that under the Statutes of this State, if a master is disqualified from official service in a cause, and the court so determine, a special master may be appointed by the presiding judge, who shall as to that cause be clothed with all the powers of master. Section 789 of General Statutes. Certainly Judge Witherspoon as presiding judge did expressly hold in his order

of reference that the master was disqualified, and after so holding did appoint Mr. Simms special master.    The appellant contends that the discretion is by the Statute vested in the Circuit Judge presiding, when the question occurs as to the disqualification of the master, and that such discretion once exercised by him, cannot be interfered with by his successors as presiding judge, but if erroneous can only be corrected by appeal.

A very serious question lies closely related to this matter, viz: whether an order made by a Circuit Judge, as presiding judge, can displace an official without some right of inquiry in that official as to the basis of that judgment.    It may be seen that an official might suffer serious loss most unjustly, unless some hearing is given to that official before such a serious step is taken by a presiding judge.    Very fortunately, that question need not be considered in this case, for it seems to us that in construing the order of Judge Witherspoon, we must look at its character, and having done so, it is clear that he intended merely and entirely to pass an administrative order for the taking of the testimony in the cause and a report thereon.    He clearly limited the same to the taking and reporting the testimony to the court.    When this was done, his successor, as presiding judge, was master of the situation, so to speak.    In this very cause, the defendants withdrew their answer, thus leaving the plaintiff free to apply to the court for a decree for the full relief as demanded in the complaint—a final judgment.    It was then virtually a wiping out of the labors of the special master, and the necessity for his appointment.    And then it was competent for the master to call the court's attention to his supposed rights in the premises.    It is manifest from the record that great care was taken to fairly settle the respective claims of the master and the special master.    There is no complaint from Mr. Simms, that the testimony before Judge Aldrich did not demonstrate that Mr. Patterson was not disqualified.

We think the foregoing views answer all the grounds of appeal herein.

It is ordered, that the appeal be dismissed, and the orders below in the Circuit Court appealed from be sustained.

MR. CHIEF JUSTICE MCIVER concurred in the result.

MR. JUSTICE GARY. I concur in the result. Even if an order of reference, generally, is merely administrative in its nature, still there are cases in which the granting of such order would affect a substantial right of a party, by depriving him of a particular mode of trial, to which he might be entitled by law.