## 12258

### PITTS v. EDWARDS *ET AL.*

#### (139 S. E., 219)

1. FRAUDS, STATUTE OF—MEMORANDUM OF SALE HELD NOT DEFICIENT IN FAILING TO STATE TIME OF PERFORMANCE.—Memorandum of sale of cotton is not deficient under the statute because failing to state time of performance.

2. FRAUDS, STATUTE OF—TECHNICAL WORDS AND ABBREVIATIONS IN MEMORANDUM OF SALE MAY BE EXPLAINED BY PAROL.—Oral evidence may be introduced to explain technical words and abbreviations in memorandum of sale required by statute.

3. FRAUDS, STATUTE OF—MEMORANDUM OF SALE CANNOT BE AIDED AS TO AN ESSENTIAL ELEMENT OF THE CONTRACT BY A TELEPHONIC CONVERSATION REFERRED TO THEREFOR IN THE MEMORANDUM.—Parol evidence is inadmissible to prove an essential element of a contract of sale, where it is not to connect the memorandum with another writing, but to show the telephonic conversation referred to in the memorandum as showing such element.

4. FRAUDS, STATUTE OF—MEMORANDUM OF SALE OF COTTON HELD INSUFFICIENT IN NOT SHOWING ITS GRADE, INSTEAD OF MERELY REFERRING TO TELEPHONIC CONVERSATION THEREFOR.—The grade of cotton sold being a determining factor in identifying the subject-matter, the memorandum of sale is insufficient in not showing it, instead of merely referring to a telephonic conversation therefor.

5. FRAUDS, STATUTE OF—MEMORANDUM OF SALE OF BALES OF COTTON HELD NOT INSUFFICIENT FOR NOT GIVING THEIR WEIGHTS, THERE BEING NO PAROL AGREEMENT.—Memorandum of sale of bales of cotton is not insufficient because of failure to state the weight thereof, there being no parol agreement in respect thereto, the standard weight being implied.

Before MAULDIN, J., Greenville, June, 1925. Reversed.

Action by Guy C. Pitts against F. F. Edwards and E. S. Sandel, partners as Edwards & Sandel. Judgment for plaintiff, and defendant, Edwards, appeals.

*Mr. James M. Richardson,* for appellant, cites: *What is necessary for a written memorandum to contain in*

NOTE: On the general rule that parol evidence admissible to explain memorandum of sale as required by statute of frauds, see 29 A. L. R., 1219; 25 R. C. L., 645; 4 R. C. L. Supp., 1595; 5 R. C. L. Supp., 1335.

As to sufficiency of memorandum of sale where time of performance of contract is omitted, see 25 R. C. L., 648.

*order to take a contract out of the Statute of Frauds:* 27 C. J., 269, 270, 274, 278; 95 S. C., 491; 29 S. C., 533; 118 S. C., 451; 13 Rich. Eq., 250. *Not competent to prove by oral testimony any of the essential elements of a contract which statute requires to be in writing:* 106 S. C., 10. *Acceptance and delivery here defective in so far as its taking case out of the Statute of Frauds:* 36 S. C., 70.

*Mr. F. P. McGowan,* for respondent, cites: *Written memorandum sufficient to take case out of Statute of Frauds:* 29 S. C., 534; 118 S. C., 146. *Parol evidence admissible to show the application to the particular property:* 8 A. & Eng. Enc., 726; 20 Cyc., 318; 25 R. C. L., 646. *Time of performance need not be stated in memorandum:* 72 S. C., 368. *Parol evidence may be introduced to explain technical words and abbreviations:* 1 Benj. on Sales, 223; 131 S. E., 921. *Where meaning obscure, interpretation should be submitted to jury:* 134 S. E., 415; 6 R. C. L., 862; 25 R. C. L., 642. *One partner is the agent of the other in carrying on the business of the partnership:* 17 A. & E. Enc. L., 987; 30 Cyc., 487; 13 S. C., 339; 114 S. C., 1; 114 S. C., 488; 114 S. C., 459. *Persons dealing with partnership entitled to actual notice of dissolution:* 121 S. C., 358. *Objection to the sufficiency of the memorandum waived by failure to demur:* Sec. 405, Vol. 2, Code; 119 S. C., 171; 130 S. C., 115; 132 S. C., 45; 79 S. C., 461; 105 S. C., 212. *Five days' notice of insufficient statement of facts must be given if party desires to avail himself of the same at trial:* Sec. 402, 405, Code; 74 S. C., 298; 137 S. C., 13. *Acceptance and receipt of goods contracted to be sold:* 20 Cyc., 246; 1 Benj. on Sales, 167; 1 McC., 289; 96 U. S., 557; 35 Ark., 190. *Remedy of seller upon refusal of buyer to pay for goods upon delivery:* 81 S. C., 10; 35 Cyc., 195; 21 A. & E. Enc., 583; 28 S. C., 231; 2 Benj. on Sales, 1014.

August 29, 1927.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.·

The complaint in this action alleged, briefly, these things: That on July 19, 1923, plaintiff and defendants made a contract for the sale by plaintiff to defendants of 42 bales of cotton, to be delivered at Clinton upon the payment of 26 cents per pound, payment to be made as soon as the cotton was weighed and ready for delivery; that on July 30, 1923, the defendants signed and delivered to the plaintiff the following memorandum: "Bought of G. C. Pitts, Clinton, S. C., July 19, 1923, 42 b-c at 26 cents per pound, around as described over telephone as to grade. Signed: Edwards & Sandel, by E. S. Sandel. July 30, 1923"; that the defendants examined, classified, and graded the cotton, and plaintiff was ready and willing to deliver the same upon payment of the purchase money; that on July 31, 1923, plaintiff notified the defendants that the cotton was ready for delivery, and unless the same was paid for within 3 days from that date plaintiff would resell at the risk of the defendants; that defendants failed and refused to comply with their contract, and plaintiff, on August 4, 1923, resold the cotton in Clinton to another purchaser at the price of 21⅜ cents per pound; that plaintiff's loss amounted to $924.02, made up as follows: Loss in price on the 42 bales, weighing 19,372 pounds, $895.85; storage and insurance, $12.60; interest, $15.47.

Sandel, one of the defendants, made default.

The defendant, Edwards, in his answer, denied the partnership with Sandel, alleged that, if the plaintiff sold the cotton as claimed, the sale was to Sandel individually; that at the time plaintiff secured the memorandum described, he knew Sandel was without authority to bind Edwards thereabout; that the memorandum was procured by plaintiff through collusion with Sandel; and that the alleged contract of sale was void under the Statute of Frauds.

The trial of the cause was had before Hon. T. J. Mauldin, Circuit Judge, and a jury, in the Court of Common Pleas for Greenville·County, and resulted in a verdict for the plaintiff against both defendants for $895.85.

The defendant, Edwards, has appealed, and by five exceptions raises two questions. First. Did the Circuit Judge commit error in allowing the plaintiff to testify as to a parol agreement made by him with Sandel over the telephone for the sale of the cotton? Second. Was there error in refusing the motion for a nonsuit and for the direction of a verdict in favor of the defendant, Edwards, on the ground that the written memorandum, upon which plaintiff relied to take the case out of the Statute of Frauds, was insufficient for that purpose?

Since the two questions stated are so closely allied, they may be considered and disposed of together.

A careful reading of the complaint shows that *the plaintiff did not allege that .the cotton was received and accepted by the defendants.* The allegations are to the effect that the defendants, as partners, agreed that they would later accept and receive the cotton. It is evident that the plaintiff relied upon the written memorandum referred to to avoid the provisions of the Statute of Frauds as to the sale of goods, wares, and merchandise above the value of $50.00.

It is necessary to review the testimony from the plaintiff's viewpoint. On July 19, 1923, plaintiff, who was engaged in the business of buying and selling cotton at Clinton, had purchased 42 bales of cotton. He had formerly sold cotton to Edwards & Sandel, of Fountain Inn. On the date mentioned, he called the firm on long distance telephone and Sandel answered the call. A verbal sale of 42 bales was made at the price all around of 26 cents per pound, the grades of the bales being agreed upon, and payment to be made when the cotton was weighed and received by the defendants at Clinton. When plaintiff fin-

ished talking to Sandel over the telephone, he made a nota-
tion of the sale, showing the cotton disposed of to be seven
bales strict middling, 20 middling, and 11 strict low mod-
dling, and four low middling, but this memorandum was
not shown to either of the defendants and was not pro-
duced in Court.   At the time of the alleged sale, there was
a difference in the price of good cotton and poor cotton of
about 7 cents per pound, and a difference in the price be-
tween long staple and short staple cotton of about 20 cents
per pound.   Sandel went to Clinton on July 20, 1923, ex-
amined, classified, and graded the cotton and agreed that
36 bales came up to the classifications agreed upon.   He
declined 6 bales, and plaintiff agreed to furnish other cotton
in lieu of these, which would be suitable, but on account
of the day being excessively hot it was decided that the
other 6 bales would be classified when trucks were sent for
all the cotton.   Within a day or two thereafter both the
defendants went to Greenville with samples of the 36 bales
for the purpose of effecting a sale, but as cotton had de-
clined in price the cotton was not disposed of.   The cotton
was not called for by defendants.   A little later, plaintiff
drew on the defendants through a bank at Fountain Inn
for the payment of 36 bales, but the draft was not honored
and was returned on July 29, 1923.   Plaintiff made two or
three trips to Fountain Inn, but was unable to get matters
adjusted.   On July 30, 1923, without the consent of Ed-
wards, Sandel executed the memorandum before described.
July 31, 1923, plaintiff by letter notified defendants that
the cotton was ready for delivery, and unless same was paid
for within three days that he would resell at risk of de-
fendants.   August 4. 1923, plaintiff resold the cotton, in
Clinton, at 21⅜ cents per pound, and furnished defendants
with a statement of the sale and made demand for his al-
leged loss, amounting to $924.02.

Respondent's attorney devotes some of his argument to
the matter of the alleged partnership, and the authority of

one partner to act as agent for the other member of the partnership. The learned Circuit Judge seemed to consider that the main issue, and, in fact, the only question for determination in the case. We think the position of the appellant that the question before this Court is not one of partnership is correct. While the defendant, Edwards, denied the partnership, there was sufficient testimony to show that a partnership did exist between him and the defendant, Sandel, at the time of the alleged transaction to carry the case to the jury on that issue.

To support the position that the written memorandum was sufficient to take the case out of the Statute of Frauds, the respondent relies upon two of our cases—*Louisville Asphalt Varnish Co. v. Lorick & Lowrance,* 29 S. C., 533; 8 S. E., 8; 2 L. R. A., 212; and *Kirkpatrick v. Hardeman,* 118 S. C., 146; 110 S. E., 119.

The *Lorick & Lowrance case* has been approved several times, and distinguished often from other cases. There, plaintiff's salesman, under verbal instructions from the defendants, sent his house a written order to ship certain goods. After the goods were shipped, plaintiff received a letter signed by defendants, saying:

"Don't ship paint ordered through your salesman. We have concluded not to handle it."

It was held that the two papers taken together constituted a sufficient memorandum in writing signed by defendants to charge them with a contract of sale. It does not appear from a reading of the opinion of the Court in that case that the plaintiff had to resort to parol testimony to establish its contract. The letter canceling the order was considered to be a written admission of the former contract, which itself was in writing.

In the *Kirkpatrick case,* the defendant listed certain cotton mill stocks with a broker for sale; the broker made a verbal sale to plaintiff and made a memorandum in regard to the matter on a scratch pad as follows:

"Sold Kirkpatrick 100 share Watts second preferred at $98.50 from Isaac Hardeman."

When defendant was informed of the sale, he answered by letter that he regretted being unable to deliver the stock as the same had been previously sold to others. It was held that the letter was a sufficient memorandum in writing to charge the defendant with the contract of sale. It should be kept in mind that the broker, who made the sale in that case, was the agent of the seller.

The respondent also argues that the memorandum is not deficient because it failed to state the time of performance, and that oral evidence may be introduced to explain technical words and abbreviations. With these positions we agree, but we do not think they are conclusive as to the questions before this Court.

The appellant depends very much upon the case of *Smith v. Evans*, 36 S. C., 69; 15 S. E., 344, somewhat influencing, but we do not think it exactly in point here. The decision of the then Trial Justice, S. W. G. Shipp, Esq., who is now one of our honored Circuit Judges, is able and interesting, and was approved by the Circuit Judge and this Court. The opinion in that case did not go into the question of the essentials of a memorandum, but it passed upon what is necessary to constitute such delivery of cotton as is required by the Statute of Frauds. It was held that because the cotton had not been weighed and had been left in the possession of the alleged seller, there was no delivery, and consequently no sale.

In our opinion, the contentions of the appellant are sustained, however, by other authorities. In Ruling Case Law, this principle is announced:

"The memorandum must, as a general rule, contain the essentials of the contract so that they may be ascertained from the writing or writings without a resort to parol evidence." 25 R. C. L., p. 645, § 276.

In *Colleton Realty Co. v. Folk,* 85 S. C., 84; 67 S. E., 156, while, under the authority of the *Lorick & Lowrance case, supra,* it was admitted that a contract under the Statute of Frauds may be proved by a letter of the party to be charged, in which he recites the contract and then repudiates it, but it was decided that parol testimony was properly rejected to supplement a written agreement as to the sale of land, the Court saying:

"To admit such testimony would be to disregard the Statute of Frauds, which requires that all the essentials of a contract for the sale of land shall be expressed in writing."

In *Harby v. Wilson,* 106 S. C., 7; 90 S. E., 183, the Court used this language:

"It is not competent to prove by oral testimony any of the essential elements of a contract which the statute requires to be in writing. Such testimony is competent to connect different writings, but the writings must themselves contain all the essential elements of the contract, and the party to be charged must acknowledge in writing that they do."

Speaking for this Court, Mr. Justice Fraser, whose statement was concurred in by all of the other Judges, has said this:

"The statute of frauds requires certain contracts to be in writing * * * so as to avoid the uncertainty of parol evidence and avoid contests and litigation." *Suber v. Parr Shoals Power Co.,* 113 S. C., 317; 102 S. E., 335.

From the foregoing authorities, we think it clear that the parol evidence, objected to by the defendant Edwards, should not have been admitted. The testimony was offered not for the purpose of connecting the memorandum, relied upon by the plaintiff, with any other written instrument. In fact, the memorandum itself, which was the basis of the plaintiff's action, did not refer to any other writing, but particularly mentioned the telephonic conversation.

Under the view we take, we also agree with the appellant that the memorandum, depended upon by the plaintiff, was not sufficient to take the case out of the statute of frauds.

In addition to the authorities to which we have already called attention, we cite this:

"A memorandum of a sale of goods, which does not specify the quality of the goods, is insufficient where the goods involved are of such a character that the quality becomes a determining factor in identifying the subject-matter." 27 Corpus Juris, 274.

The proof in this case, coming from the witnesses for the plaintiff, showed without question that the quality of the cotton was a determining factor in its identification. The memorandum made no reference whatever to quality. The testimony showed that at the time there was a difference in the price of long and short staple cotton of around 20 cents per pound, and a difference in grades of short staple cotton of as much as 7 cents per pound. The memorandum did not refer to the notation or other writing, which the plaintiff claimed he had made right after his telephone conversation with Sandel; it referred only to the talk on the telephone, which the plaintiff and Sandel had. *The memorandum referred not to any other writing, but to a parol agreement.* The purpose of the statute of frauds is to do away with the necessity of proving certain agreements by parol testimony.

A case of some interest in this connection is that of *Stewart & Son v. Cook,* 118 Ga., 541; 45 S. E., 398. In that case, where the Georgia statute seems to be very similar to our statute as to the sale of goods worth more than $50, a written agreement provided for the sale of certain cotton in either square or round bales, but was silent as to the weight of the bales or as to the customary meaning of the terms. The plaintiff's petition showed, however, that there was a parol agreement that the bales were to weigh

500 pounds each. The Supreme Court of Georgia held that if there had not been a parol agreement, evidence could have been introduced to show what was the standard weight and trade meaning of square bale and round bale, but since there was a parol agreement, when the law required that the contract of sale should be in writing, that the petition was subject to demurrer, the view being that where some of the terms are in writing and others in parol the requirements of the statute are not met.

In the case at bar, the weight of the cotton was not stated in the memorandum, and there was no agreement as to that by parol. It would, therefore, appear, under the authority last mentioned, that the failure to state the weights in the memorandum would not in itself be such a deficiency as would affect the vitality of the paper. But under the *Stewart case,* the failure to set forth in the memorandum in the present case the quality of the cotton, when there was a parol agreement as to the quality, would result in making the contract void under the statute.

Because of the errors complained of, the judgment of this Court is that the verdict and judgment of the lower Court be and the same is hereby reversed in so far as they relate to the defendant, Edwards, and, as provided in Rule 27 of this Court, it is ordered that judgment be entered in favor of that defendant. It is provided, of course, that the judgment stand as to the defendant Sandel, who has not appealed therefrom.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.