13993

LA COUNT v. GENERAL ASBESTOS & RUBBER CO.

(178 S. E., 500)

*Messrs. Mitchell & Horlbeck,* for appellant

*Messrs. John I. Cosgrove* and *J. C. Long,* for respondent,

February 5, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This is an action for damages. The questions at issue before this Court are: Can one Circuit Judge grant an order of reference, the motion for which, made on the same state of facts, has been refused by another Circuit Judge? Is the case one in which a compulsory order of reference can be made? These two questions may be considered together.

The 15th day of December, 1930, the plaintiff had served a summons, dated November 26, 1930, on Samuel Hughes, who was claimed to be superintendent of General Asbestos & Rubber Company. December 27, 1930, the defendant served on the plaintiff a notice, for which purpose alone it appeared, "that upon the Summons and proceedings and the annexed affidavit, it would move for an order that the service of the Summons be vacated and set aside on the ground that the service purporting to have been made upon the defendant was not made upon the president or other head of the defendant corporation, secretary, cashier, treasurer, director or agent thereof, and the Court has acquired no jurisdiction over the defendant."

There seems to have ensued a long delay in the hearing of this motion, which had been continued by consent, but before it was heard the plaintiff served another summons in the same action on E. H. Jeffords, who was claimed to be an officer and director of the defendant corporation, the former General Asbestos & Rubber Company. This summons was dated September 1, 1931, and was served Sep-

tember 24, 1931. This last summons and complaint was answered by the former General Asbestos & Rubber Company, which set up the defense that it had been dissolved more than two years before the service on E. H. Jeffords the 24th of September, 1931, and that this fact appears from the records in the office of the Secretary of State.

The present General Asbestos & Rubber Company answered and alleged that it was a South Carolina corporation and about the 9th of September, 1929, it had changed its name from Garco Realty Company to General Asbestos & Rubber Company as the records of the office of the Secretary of State will show, and that the plaintiff was never in its employ.

The plaintiff moved before Judge Featherstone for an order referring it to a master to take the testimony upon the question of the validity of the service of process on the defendant.

Judge Featherstone filed his order holding that it appeared on the record and under the pleadings that the case is not one in which a compulsory order of reference can be made, and defendant not consenting the motion was refused.

Thereafter the application was renewed before Judge Grimball, who granted the motion and made the order of reference as follows:

"In this cause there has arisen the question of the validity of the service of process upon the defendant. The matter now comes before this Court on motion of plaintiff for an order referring the matter to a Master for the sole purpose of having him take the testimony on the sole question of the validity of the service of process upon the defendant.

"This same motion made at the Spring 1933 Term of Court before Hon. C. C. Featherstone, presiding Judge, and was by him refused. And defendant insists that under rule 60 of this Court plaintiff is now barred from renewing the motion before me."

"Rule 60 is as follows: 'If any application for an order be made to any Judge and such order be refused in whole or in part or be granted conditionally or on terms, no subsequent application upon the same state of facts shall be made to any other Judge, and if upon such subsequent application any order be made, it shall be revoked; and in the affidavit for such order the party or his attorney shall state whether any previous application for such order has been made.'

"This rule is very broad in its terms. But considering the effect of the rule one must necessarily come to the conclusion that the rule applies to orders affecting the merits and does not apply to orders purely administrative in their nature. And the authorities recognize this difference in the nature of orders. *New England Mortgage Security Co. v. Kinard,* 43 S. C., 311, 21 S. E., 113; *Farmers' Mut. Insurance Co. v. Berry,* 53 S. C., 129, 31 S. E., 53; *Gregory v. Perry,* 66 S. C., 455, 45 S. E., 4; *Whittle v. Jones,* 82 S. C., 551, 64 S. E., 403.

"It seems to me that plaintiff is entitled to the order. It is therefore ordered that this case be referred to Master F. K. Myers, one of the masters for Charleston County, for the purpose of taking the testimony therein on the question of the validity of the service of process upon the defendant, and to report the same to this Court."

From this order defendant appeals.

In their argument, counsel for appellant say: "This Court has held that in the matter of granting a mere ministerial order that a subsequent judge is not bound by a previous order."

In the matter of *Ex parte Simms (New England, etc., Co. v. Kinard),* 43 S. C., 316, 21 S. E., 113, 114, this Court said: "If it be purely an *administrative order,* then it may be altered by a succeeding Judge, upon good cause shown."

It is upon this principle Judge Grimball predicated his order granting the motion for reference.

It devolves, then, on this Court to determine whether the order granted is one which is wholly administrative, or if it is one which touches the merits of the case.

In the *Ex parte Simms matter, supra,* this Court said: "Is not an order of reference, *granted upon the pleading* and by consent, an *administrative order?* It in no wise adjudges the rights of parties. *It is like a rule of survey or any other direction preparatory to trial."* (Italics added.)

It is not contended that this is an order of reference by consent. It expressly appears that consent was refused. It is a compulsory order of reference. The granting of compulsory orders of reference is regulated by Section 653, Vol. I, Code Civil Proc., 1932. Subdivision 1 provides for such orders in all equitable actions, and in equitable issues in actions at law, but it is specifically declared that this section shall not be construed to deprive any party of a trial by jury of any case or issue upon which he is entitled to trial by jury as a matter of right.

Subdivision 2 provides such reference when the taking of an account shall be necessary for the information of the Court.

Subdivision 3 provides for such compulsory order of reference: "Where a question of fact, *other than upon the pleadings,* shall arise, upon motion or otherwise, in any stage of the action." (Italics added.)

It is manifest that this is not an equitable action, nor do equitable issues arise in it.

It is equally plain that no account is to be taken for the information of the Court.

Therefore, neither of these subdivisions is applicable here. Subdivision 3 alone is applicable, *provided* the fact or facts relied upon do not appear upon the pleadings.

What, then, is the fact for the solution of which the order of reference is made? The order directs the master to take testimony "on the question of the validity of the service of process upon the defendant."

What does that mean? Plainly it does not refer to the taking of testimony on the question whether the sheriff or his deputy duly and regularly handed to E. H. Jeffords the summons in the action. That appears by the certificate of the sheriff set out at Folio 19 of the transcript of record. Section 440, Code Civil Proc., provides that:

"Proof of the service of the summons, and of the complaint or notice, if any, accompanying the same *must be as follows*:

"(1) If served by the sheriff, his certificate thereof; or,

"(2) If by any other person, his affidavit thereof." (Italics added).

The certificate of the sheriff complies with this requirement.

The answer of the General Asbestos & Rubber Company alleges that it was formerly a South Carolina corporation; that on the 9th day of September, 1929, it was legally dissolved, surrendered its charter, ceased to do any corporate business, and on that date the requisite certificate and dissolution papers were filed with, and approved by, the Secretary of State; that it has liquidated and wound up its affairs; that the period fixed by statute for the liquidation of the affairs of said corporation and for bringing suits against it expired on the 9th day of September, 1931, and the present action was not commenced or process therein served until after the expiration of that period, viz., on the 24th day of September, 1931.

It is plain that the intent of the reference to take testimony is to determine the issues presented by certain allegations of the defense, viz.: When were the various steps of the alleged dissolution taken? When did the corporation cease to do busines, and when were the summons and complaint in this action lodged for service? These are issues of fact plainly appearing on the record and in the pleadings, which the defendant has the right to have tried by jury along with all the other issues of fact made by the pleadings.

As for instance, the allegations in the answer of the last-named General Asbestos & Rubber Company that the plaintiff's intestate was never in the employ of that defendant. It is just as if the defendant had pleaded the statute of limitations in a case. He must prove it or fail, but he is entitled to try the issue by jury, and not by reference.

Necessarily, then, the order of reference vitally affected the merits of the case, and was not a ministerial order.

In these circumstances Judge Grimball was without power to grant the order of reference which had been refused by Judge Featherstone on the same state of facts.

Rule 60 of this Court is as follows: "If any application for an order be made to any Judge and such order be refused in whole or in part or be granted conditionally or on terms, no subsequent application upon the same state of facts shall be made to any other Judge, and if upon such subsequent application any order be made, it shall be revoked; and in the affidavit for such order the party or his attorney shall state whether any previous application for such order has been made."

It does not appear that this rule was considered in the cases which were cited and relied upon by Judge Grimball, nor have we found that it has been passed upon in any case just in analogy with this one.

This rule appears to be applicable, and is determinative of the matter.

The order appealed from is reversed and revoked.

MESSRS. JUSTICES STABLER and CARTER, and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER, CIRCUIT JUDGE, concur.

MR. ACTING ASSOCIATE JUSTICE A. L. GASTON, CIRCUIT JUDGE (concurring in result):

I concur in the result, and in the leading opinion herein; except that I think that the question of the validity of the service of process upon the defendant is not necessarily an issue for the jury, but may be heard by the Circuit Judge

on motion upon affidavits, although a compulsory order of reference could not be granted where the question of fact arises upon the pleadings. This is in keeping with the usual practice, and the Court has the power, without a jury, to hear on affidavits and decide the legal issues involved, and arising out of the allegations of the answer as to the legal identity of the defendants as one and the same corporation. *Bass v. American, etc., Corp.,* 124 S. C., 346, 117 S. E., 594, 30 A. L. R., 168; *Taylor v. News & Courier Co.,* 156 S. C., 537, 153 S. E., 571; *Lee v. Storfer,* 159 S. C., 70, 156 S. E., 177; *Thompson v. Queen City Coach Co., Inc.,* 169 S. C., 231, 168 S. E., 693.