17619

DUKES & DUKES, INC., Appellant, v. HYGRADE FOOD
PRODUCTS CORPORATION, Respondent

(113 S. E. (2d) 264)

70

*T. B. Bryant, Jr., Esq.*, of Orangeburg, *for Appellant,*

*Messrs. Moss & Moss* and *P. F. Haigler*, of Orangeburg, *for Respondent,*

February 25, 1960.

STUKES, Chief Justice.

This is an appeal from an order of reference. The action is at law for the recovery of an alleged balance due upon a contract for electrical work in defendant's (respondent's) plant. By answer and counterclaim it was alleged that the contract provided that the defendant (respondent) should pay plaintiff (appellant) for labor of electricians at the rate of $2.80 per hour, plus ten per cent, and for all other labor at the actual cost, plus ten per cent; that the bills of plaintiff (appellant) included, at the rate of electricians, the labor of men who were, in fact, not electricians but other labor, whereby plaintiff's (appellant's) bills aggregated $14,214.79 more than the actual wages of the men engaged, plus ten per cent, as provided for in the contract, whereby there will be involved a long and complicated account; judgment was demanded against appellant in the stated amount of the counterclaim. Appellant replied to the counterclaim, particularly denying the necessity for a long and complicated account, and asserting that the issue between the parties is only the construction of the contract.

Respondent moved for an order of reference, basing its motion upon the pleadings, the contract, the labor bills submitted thereunder and a statement made therefrom and upon respondent's information as to the actual payments for labor made by appellant under the contract. Judge Brailsford heard the motion, which was opposed by appellant, and rendered his order, dated June 29, 1959, whereby he refused order of reference under *Taylor v. Cecil's, Inc.,* 229 S. C. 182, 92 S. E. (2d) 268, and the authorities there cited. He concluded after review of the pleadings, the contract and the account, the latter without objection to the consideration of it, that there are issues of fact which will be largely determinative of the rights of the parties, upon which appellant is entitled to trial by jury and that the account is not so complicated as to be beyond the comprehension of an ordi-

nary jury. There was no appeal or notice of appeal from this order.

The case came on for trial on Oct. 7, 1959, before Judge Martin and a jury without any reservation or notice by respondent (defendant) with respect to its prior unsuccessful motion for reference. After the examination in chief of appellant's first witness and during the cross examination of him the court on its own motion concluded, in effect, that the account was beyond the comprehension of the jury and, over appellant's objection, took the case from the jury and referred the issues to a special referee. It is from this order of Judge Martin that the appeal has been prosecuted. During the colloquy which preceded the ruling and order the judge also made this observation: "Frankly, I don't think I am capable of submitting this case to a jury. I don't know how you could instruct that jury to where they could understand it." The same state of facts existed when the respective, conflicting orders were rendered.

Respondent has submitted as a ground to sustain the order the contention that Judge Brailsford erred in refusing its motion for an order of reference from which, as stated above, there was no appeal or notice of intention to appeal.

Appellant's first question imputes error on the part of Judge Martin in referring the case after such had been refused by Judge Brailsford and without any appeal from the prior order of the latter. It will be sustained upon the following authorities. In *Mutual Building & Loan Ass'n of Sumter v. Hewson,* 196 S. C. 181, 12 S. E. (2d) 715, defendant moved for an order requiring certain issues of fact to be tried by jury; plaintiff moved for an order of reference. The first hearing judge refused reference as of that time and ordered the legal issue of possession of the property involved to be first tried by jury, without prejudice to the right of either party to thereafter move for an order of reference. There was no appeal from that order. Defendant thereafter demurred to the complaint, whereupon the second hearing judge overruled the demurrer and passed a general

order of reference. It was held that the order of the first hearing judge that the legal issue of possession be first tried by jury, unappealed as it was, became the law of the case and the general order of reference by the second hearing judge was reversed. In *Dinkins v. Robbins,* 203 S. C. 199, 26 S. E. (2d) 689, motion for general order of reference was refused. Thereafter a second judge heard a motion to refer the equitable issues, which was granted. Upon appeal from the latter it was reversed because the unappealed refusal of a general order of reference encompassed the refusal to refer any issues and became the law of the case.

Rule 60 of the Rules of Practice for the Circuit Courts is as follows: "If any application for an order be made to any Judge and such order be refused in whole or in part or be granted conditionally or on terms, no subsequent application upon the same state of facts shall be made to any other Judge, and if upon such subsequent application any order be made, it shall be revoked; * * *." Vol. 7, Code of 1952, page 413.

The quoted rule was cited and applied in *La Count v. General Asbestos & Rubber Co.,* 175 S. C. 110, 178 S. E. 500. One of the questions before the court in that case was, as stated in the opinion: "Can one circuit judge grant an order of reference, the motion for which, made on the same state of facts, has been refused by another circuit judge?" The query was answered in the negative. There plaintiff had previously moved before a circuit judge for an order of reference to take testimony upon the question of the validity of the service of process, which was refused. Thereafter motion was made before another circuit judge who granted the motion, holding that the cited rule applied only to orders "affecting the merits" and not to an order of reference. Reversal was upon the ground that the reference was to take testimony to determine the issues presented by certain allegations of the defense which were issues of fact upon which defendant had the right to trial by jury, wherefore the order of reference "affected the merits," and the second circuit

judge was without power to grant the order of reference which had been refused by the first judge on the same state of facts. In the earlier case of *Georgian Co. v. Britton*, 141 S. C. 136, 139 S. E. 217, the above rule was applied where a circuit judge made an order of reference as to the issues raised by the complaint and answer, including the first counterclaim, but refused reference as to the second and third counterclaims and ordered that the case remain on calendar 1 for trial of the issues raised by said second and third counterclaims. A previous motion to strike these counterclaims had been refused. There was no appeal, or appeals, from these orders. Later, motion was made before another circuit judge to dismiss the second and third counterclaims which had been reserved for trial on calendar 1. The motion was denied and appeal followed. The order of the second circuit judge was affirmed because a like motion had been previously made and refused by the first circuit judge. It was held that the absence of appeal from the latter made it the law of the case. In the opinion the following was quoted with approval from *Nixon Grocery Co., v. Spann*, 108 S. C. 329, 94 S. E. 531, 534: "It is well settled that one circuit judge cannot set aside or modify the orders of another, except in cases when the right to do so has been reserved to the succeeding judge, or when it is allowed by rule of court or statute."

We quote further from the opinion in the *Georgian Company case:* "The opinion of the present Chief Justice in the case of *Middleton v. Denmark Ice & Fuel Co.*, 97 S. C. 457, 81 S. E. 157, is equally as clear to that effect. From the early case of *Durant v. Staggers,* 2 Nott & McC. (11 S. C. L.), 488, we quote the syllabus, which is as follows: 'A succeeding judge will not rescind an order made by a preceding judge; but where a party thinks himself aggrieved by such order, the proper manner to procure redress is by appeal.' Uniformity and harmony in our courts necessarily demand that such be the law, and this is expressly covered by rule 61 of the circuit court. There was no material change

in the state of facts, which was not contemplated at the time Judge McIver passed his order, and we think Judge Bonham's refusal to dismiss the two counterclaims was proper." [141 S. C. 136, 139 S. E. 219.]

The foregoing renders unnecessary consideration of respondent's sustaining ground—that the order refusing reference was erroneous. Unappealed, it became the law of the case and was binding upon the court and the litigants alike.

Reversed and remanded for further proceedings consistent herewith.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.